BERTHA CHYSKY, Respondent, v. DRAKE BROTHERS COMPANY, INC., Appellant.

Warranty — food — implied warranty as to wholesomeness — no implied warranty except that defined and declared by Personal Property Law (§ 96) — manufacturer and seller of food not liable to third party who received food from the person who purchased it from the maker or seller.

1. Under the implied warranty of goods sold, as defined and declared by the statute (Pers. Prop. Law, § 96), the manufacturer or seller of food, or other articles of personal property, is not liable under an implied warranty, to third persons who have no contractual relations with him. Privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty. The benefit of a warranty, either express or implied, does not run with a chattel on its resale, and in this respect is unlike a covenant running with the land so as to give a subsequent purchaser a right of action against the original seller on a warranty.

2. Plaintiff, who was employed as a waitress in a lunch room for a weekly salary with board and lodging furnished, received from her employer, as part of her lunch, a piece of cake which had been made and sold to him by defendant. While she was eating it, a nail baked into the cake, in such a way that it could not be discovered by inspection, stuck in her gum which became so infected as to necessitate the removal of three of her teeth. Plaintiff brought this action against defendant to recover damages for the injury sustained, upon the theory, alleged in the complaint and amplified by the bill of particulars, that defendant had. impliedly warranted when the cake was sold, that it was fit for human consumption and that such implied warranty inured to her benefit. There is no cause of action unless it arises under the statute (Pers. Prop. Law, § 96), since plaintiff herself limited the right to recover to a breach of warranty. Under these facts she cannot recover. Her employer bought the cake from defendant and furnished it to plaintiff who had, therefore, no contractual relations with defendant; as to him she was a third party and consequently cannot recover.

*Chysky* v. *Drake Brothers Co.*, 200 App. Div. 864, reversed.

(Argued March 20, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*George F. Hickey* and *William Butler* for appellant. The trial court erred in charging the jury that there was an implied warranty existing in favor of the plaintiff. In the absence of a contract of sale by defendant to plaintiff, the latter cannot recover on the theory of implied warranty. (Williston on Sales, § 244; *Kress & Co.* v. *Lindsey*, 262 Fed. Rep. 331; *Booth* v. *Scheer*, 185 Pac. Rep. 898; *Gehring* v. *Berkson*, 111 N. E. Rep. 785.) No claim was made by the plaintiff that she was injured through any negligence on the part of the defendant. She claimed a right to recover damages solely upon the theory of contract — a breach of an implied warranty. (*Mullin* v. *St. John*, 57 N. Y. 565; *Griffin* v. *Manice*, 166

N. Y. 188; *Robinson* v. *Consolidated Gas Co.,* 194 N. Y. 37; *Hardie* v. *Boland Co.,* 205 N. Y. 336.)

*Allan R. Campbell* and *Ellwood M. Rabenold* for New York State Wholesale Bakers Association. The doctrine of an implied warranty by the manufacturer in favor of the remote buyer and consumer has no source in the law. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Bordwell* v. *Collie,* 45 N. Y. 494; *Williston on Sales,* § 244; *Kress & Co.* v. *Lindsey,* 262 Fed. Rep. 331; *Welshausen* v. *Parker Co.,* 83 Conn. 231; *Kendig* v. *Giles,* 9 Fla. 278; *Smith* v. *Williams,* 117 Ga. 782; *Prater* v. *Campbell,* 110 Ky. 23; *Lebourdais* v. *Vitrified Wheel Co.,* 194 Mass. 341; *Walrus Mfg. Co.* v. *McMehen,* 39 Okla. 667; *Booth* v. *Scheer,* 185 Pac. Rep. 898; *Fulton Bank* v. *Mathes,* 166 N. W. Rep. 1050; *Ranney* v. *Meisenheimer,* 61 Mo. App. 434.)

*Henry Levis* and *Morris Kohn* for respondent. There is an implied warranty as to wholesomeness and freedom from danger, to a consumer of food, running from the manufacturer to the consumer, although no express contract was entered into between the manufacturer and the consumer. (*Rinaldi* v. *Mohican Co.,* 225 N. Y. 70; *Race* v. *Krum,* 222 N. Y. 410; *Rothmiller* v. *Stein,* 143 N. Y. 581.) An implied warranty is present and runs for the benefit of the ultimate consumer, against the manufacturer, although there is no direct contractual relation between them, that the food produced by the manufacturer, to be consumed by the consumer, is not dangerous and injurious to the consumer. (*Kitterer* v. *Armour & Co.,* 247 Fed. Rep. 924; *Park* v. *Yost Pie Co.,* 93 Kans. 334; *Pillars* v. *Tobacco Co.,* 117 Miss. 500; *Canavan* v. *City of Mechanicville,* 229 N. Y. 473.)

McLaughlin, J. The plaintiff was employed as a waitress in a lunch room run by one Abraham, for which she was paid thirty dollars a week and furnished board

and lodging. On the 4th of May, 1918, she received from her employer, as part of her lunch, a piece of cake which had been made and sold to him by defendant. While she was eating it a nail, baked into the cake in such a way that it could not be discovered by inspection, stuck in her gum, which became so infected as to necessitate the removal of three of her teeth. She brought this action against the maker of the cake to recover the damages alleged to have been sustained, upon the theory it was liable to her, since it had impliedly warranted, when the cake was sold, that it was fit for human consumption and that such implied warranty inured to her benefit. This was the cause of action alleged in the complaint, as amplified by the bill of particulars, and this was the theory upon which the action was tried and submitted to the jury. She had a verdict and the judgment entered thereon was unanimously affirmed by the Appellate Division. Appeal to this court followed.

In *Race* v. *Krum* (222 N. Y. 410) we held that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption. We did not consider or pass upon, as will appear from the opinion, whether such a warranty existed in the case of hotel proprietors or those engaged in a similar business. The cause of action arose before section 96 of the Personal Property Law took effect. (Cons. Laws, chap. 41.) In the present case the cause of action arose after the section took effect. This section provides that " there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: 1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not),

there is an implied warranty that the goods shall be reasonably fit for such purpose."

If there be any liability, therefore, it must be under this section and the jury was so instructed.

In *Rinaldi* v. *Mohican* (225 N. Y. 70), where the cause of action arose after the section of the Personal Property Law quoted took effect, we held " that the mere purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption does by implication make known to the vendor the purpose for which the article is required. Such a transaction standing by itself permits no contrary inferences."

Under the section of the Personal Property Law referred to and the *Rinaldi* case, an action may be maintained to recover damages caused by the breach of an implied warranty in the sale of food to a consumer for immediate consumption. Whether this warranty extends to a wholesaler was expressly reserved in the *Rinaldi* case, but is now squarely presented.

The plaintiff received the cake from her employer. By reason of its condition it was not fit for human consumption. Her employer bought the cake from the defendant. Is it liable to the plaintiff for the injury sustained? We do not think so. If there were an implied warranty which inured to the benefit of the plaintiff it must be because there was some contractual relation between her and the defendant and there was no such contract. She never saw the defendant, and so far as appears, did not know from whom her employer purchased the cake. The general rule is that a manufacturer or seller of food, or other articles of personal property, is not liable to third persons, under an implied warranty, who have no contractual relations with him. The reason for this rule is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty. The benefit of a warranty, either

express or implied, does not run with a chattel on its resale, and in this respect is unlike a covenant running with the land so as to give a subsequent purchaser a right of action against the original seller on a warranty.

It may be assumed that under certain facts and conditions the manufacturer of an article would be liable to a third person, even though no contractual relation existed between them, if the article sold were negligently prepared or manufactured. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, and authorities there cited; Williston on Sales, sec. 244; *Thompson* v. *Quaker Oats Co.*, 239 Mass. 147; *Gearing* v. *Berkson*, 223 id. 257; *Tomlinson* v. *Armour & Co.*, 75 N. J. L. 748; *Johnson* v. *Cadillac Motor Car Co.*, 261 Fed. Rep. 878; *Haley* v. *Swift & Co.*, 152 Wis. 570.) But the recovery in the present case was not based upon the negligence of the defendant. Plaintiff limited her right to recover to a breach of warranty. She specifically stated in her bill of particulars " such breach of warranty by defendant she makes the issue in this action." I have not been able to find any authority, in this state at least, which would permit a recovery upon that ground and the great weight of authority in this country and England is directly to the contrary. (See *Ketterer* v. *Armour & Co.*, 247 Fed. Rep. 921, and authorities there cited.)

The judgments appealed from, therefore, should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; HOGAN, J., dissents.

Judgments accordingly.