Philip Turner, Appellant, *v.* Edison Storage Battery Company, Respondent.

**Pleading — misjoinder — election — complaint showing on its face lack of privity of contract cannot state cause of action for breach of warranty — certified question not properly before Court of Appeals may not be answered.**

1. A complaint alleging that the defendant is a manufacturer of storage batteries and that plaintiff purchased from a dealer a battery manufactured by the defendant negatives a sale by the defendant to the plaintiff and any contractual relation between them. There can be no warranty where there is no privity of contract. A cause of action, therefore, for breach of warranty, either express or implied, is not, and cannot be stated.

2. Plaintiff should not be compelled to elect between a cause of action and no cause of action. Where only one cause of action is alleged, the question certified whether the causes of action alleged in the complaint may properly be united under section 258 of the Civil Practice Act may not be answered as it is not properly before the court on this appeal.

*Turner* v. *Edison Storage Battery Co.*, 222 App. Div. 826, appeal dismissed.

(Argued March 27, 1928; decided May 1, 1928.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1928, which reversed an order of Special Term denying a motion by defendant for a direction to plaintiff to elect as to his cause of action and to serve an amended complaint and granted the motion.

*Ezra B. Kotcher* and *Benjamin Wieser* for appellant.

*Roger Hinds* for respondent.

Pound, J.   The complaint alleges that the defendant is a manufacturer of storage batteries and that plaintiff

purchased from the Fisher Hardware Company a battery manufactured by the defendant. Plaintiff attempts to state two causes of action against the defendant, one in negligence (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382) and one for breach of warranty. In pleading the second cause of action he alleges that defendant warranted the battery to be safe, that he relied on the warranty, and that injury was sustained by breach of warranty. Warranty is an incident of a sale. (*Levis* v. *Pope Motor Car Co.*, 202 N. Y. 402; Pers. Prop. Law [Cons. Laws, ch. 41], § 93.) The complaint negatives a sale by the defendant to the plaintiff and any contractual relation between the plaintiff and the defendant. There can be no warranty where there is no privity of contract. A cause of action for breach of warranty, either express or implied, is not, and cannot be, stated. (*Chysky* v. *Drake Brothers Co.*, 235 N. Y. 468, 472.) The goods may have been sold to the Fisher Hardware Company with a so-called written and continuing warranty for the benefit of the ultimate purchaser. A cause of action for deceit conceivably might arise from such a transaction (*Roberts* v. *Anheuser Busch Brewing Assn.*, 211 Mass. 449) or for negligent words (*International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331), but no suggestion is made of an attempt to plead such a cause of action.

The motion is to require plaintiff to elect between causes of action claimed to be inconsistent (Civ. Prac. Act, § 258) and to strike out the cause of action not so elected (Rules Civil Practice, 102). The court has said, " to make out a misjoinder it is not necessary that the causes should have been well stated. It is enough that there was an attempt to state them." (CARDOZO, J., in *Jacobus* v. *Colgate*, 217 N. Y. 235, 247.) The argument is, therefore, made that the motion to compel an election was properly granted without regard to the sufficiency of the allegations of warranty. But the rule has never been applied to a case where it appears on the

face of the complaint that the pleading of one of two causes of action is so inccntrovertibly bad that the mere statement reveals its insufficiency without argument.

By no theory of legal liability can plaintiff completely and sufficiently state the cause of action for breach of warranty that he has attempted to state. The nature of any other claim is not pointed out and cannot by reasonable and fair intendment be implied, nor would plaintiff under his pleading be entitled to give the necessary evidence to support another claim. The cause of action pleaded is wholly bad. (*Clark* v. *West*, 193 N. Y. 349, 362.) The motion is to compel an election between causes of action. Plaintiff should not be compelled to elect between a cause of action and no cause of action. He may attempt to plead a new and wholly different cause of action in place of the one he has attempted to plead. The question of misjoinder may well await an answer until it becomes essential to the decision.

The question certified: "Are the causes of action as alleged in the complaint herein properly united under section 258 of the Civil Practice Act?" cannot be answered as the answer thereto is not necessary to the proper determination of the appeal.

The appeal should be dismissed, without costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Appeal dismissed.