McCurn, J.
This appeal is from an order denying defendants’ motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5).
The complaint as supplemented by the amended hill of particulars alleges that the defendants manufactured and sold to *415 one Henry Benthin a so-called onion topping machine; that on November 3,1945, while the plaintiff was assisting in harvesting a crop of onions on the farm of his son, Samuel Campo, and while he was dumping a crate of onions into the said machine, his hands became caught in the rollers of the machine and were so injured that it thereafter became necessary to amputate both hands. It alleges generally that the defendants impliedly represented to the public, and to the plaintiff who relied on the representations, that the said onion topping machine had been properly designed, manufactured and guarded and was a safe and proper machine to be used for topping onions; whereas in fact it was inherently dangerous. It further alleges that the machine was negligently designed and manufactured and was not equipped with guards, shutoffs or safety devices, although it was entirely practical and feasible to have installed guards that would prevent the user of said machine from coming in contact with the swiftly revolving rollers and to have installed a shutoff device by which the machine might have been stopped, lessening the injury to the plaintiff.
While the source of the power required to operate the machine does not appear from the complaint, we understand from the photographs handed up on the argument and from statements in the plaintiff’s brief that the power to operate the onion topping machine is supplied from a separate source and is not a part of the onion topping machine. In this instance it was a tractor. In order to shut off the power to stop the machine it was necessary to have access to the tractor.
The complaint does not allege, nor does the plaintiff indicate that he intends to prove, that he was the purchaser of the machine or that there is any privity of contract between the plaintiff and the defendants. The plaintiff apparently comes within the category sometimes referred to as a “ remote user.” Under such circumstances there can be no cause of action here on the theory of implied warranty (Chysky v. Drake Bros. Co., 235 N. Y. 468; Turner v. Edison Storage Battery Co., 248 N. Y. 73).
The question therefore is whether plaintiff has pleaded a cause of action based upon negligence. Under the early common law a manufacturer’s liability for negligence did not extend beyond those with whom there was a privity of 'contract (Winterbottom v. Wright, 10 M. & W. 109, 152 Eng. Reprint 402). Since the time of the Winterbottom decision, however, many decisions in this State, as well as in other jurisdictions, have established numerous exceptions to the early common-law *416 rule so that now it is authoritatively stated that61 where a manufacturer supplies an article or preparation, for immediate use in its existing state, which is inherently dangerous, the danger not being known to the purchaser and the danger not being patent, and where notice is not given of the danger or it cannot be discovered by a reasonable inspection, the manufacturer is legally liable for personal injuries received by one who uses the same in an ordinary, expected manner.” (Genesee County Patrons Fire Relief Assn. v. Sonneborn Sons, 263 N. Y. 463, 468. See, also, Thomas v. Winchester, 6 N. Y. 397; Devlin v. Smith, 89 N. Y. 470; MacPherson v. Buick Motor Co., 217 N. Y. 382, 386; Statler v. Ray Mfg. Co., 195 N. Y. 478; Rosebrock v. General Electric Co., 236 N. Y. 227; Di Biase v. Ewart & Lake, Inc., 228 App. Div. 407, affd. 255 N. Y. 620; Grant v. Australian Knitting Mills, [1936] A. C. 85, and annotation, 105 A. L. R. 1502.)
Underlying the manufacturer’s liability as declared in all of these cases is the danger to be reasonably foreseen by the manufacturer from the intended use of the article where such danger is unknown to the user or where the defect creating the danger is a latent defect unknown to the user and not a patent defect (Noone v. Perlberg, Inc., 268 App. Div. 149, affd. 294 N. Y. 680; Liedeker v. Sears, Roebuck & Co., 249 App. Div. 835, affd. 274 N. Y. 631).
The allegations of this complaint to the effect that the machine was negligently designed and manufactured and was in a defective and imminently dangerous condition are, standing alone, conclusions. The factual allegations offered to support such conclusions are (1) that the machine was not equipped with guards to prevent one using it from allowing his hands to come in contact with the revolving rollers; and (2) that it was not equipped with a stopping device by which one whose hands became caught in the rollers could readily stop the machine and thus lessen the extent of the injury. The plaintiff does not allege that the absence of guards and a stopping device was unknown to him. Nor does he allege that he was unaware of the injury to be expected upon allowing his hands to come in contact with revolving rollers. It will be noted that the complaint does not allege any latent defect in the material or any mechanical flaw or weakness as in MacPherson v. Buick Motor Co. (supra). It does not allege that the machine or any part of it broke or gave way or behaved in any unexpected or unusual manner. The act causing the injury was the plaintiff’s act in allowing his hands to come in contact with the revolving rollers. *417 The complaint does not allege any facts constituting a danger reasonably to be foreseen by the manufacturer from the intended use of the machine and unknown to the plaintiff, as in Liedeker v. Sears, Roebuck & Co. (supra) and Noone v. Perlberg, Inc. (supra). The cause of action which the plaintiff has attempted to plead rests solely upon the breach of the alleged duty of the defendants to attach either a guard or stopping device to the machine. If such failure constituted a defect which created a danger to one using the machine, then both the defect and the danger must have been obvious and patent and known to the plaintiff. The plaintiff does not allege otherwise.
The allegations in this complaint do not in our opinion state a cause of action within the rules creating Hability against a manufacturer in favor of a 6 ‘ remote user ’ ’ of the manufactured article. Since there is no relation here of employer and employee the employer’s duty under the Employers’ Liability Law to guard machinery has no application here.
The order appealed from should be reversed, without costs of this appeal to any party and the motion to dismiss the complaint should be granted, without costs with leave, however, to the plaintiff to file an amended complaint within twenty days if so advised.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Order reversed on the law, without costs of this appeal to any party and motion to dismiss the complaint granted, without costs, with leave to the plaintiff to serve an amended complaint, if so advised, within twenty days after service of a copy of the order herein with notice of entry thereof.