PENNSYLVANIA EXCHANGE BANK, Appellant, *v.* MAX LASKO, Doing Business as 125TH STREET FERRY AUTO SALES COMPANY, Respondent.

First Department, June 28, 1957.

*Irving G. Schleimer* for appellant.

*Gordon I. Novod (Bernard M. Bauman* with him on the brief), for respondent.

*Per Curiam.* The amended complaint in this action has been dismissed as legally insufficient. The pleading contains 8 causes of action and each alleges in substance that the defendant, doing business as an auto sales company, sold to a discount company a note and conditional sales contract executed by a third party. The defendant warranted in the sale (a) that a stated amount of cash down payment had been made by the purchaser and (b) that the latter received a completely filled in copy of the conditional sales contract. The defendant agreed, according to the pleading, that if either of the warranties was untrue, it would upon demand repurchase from the discount company the note and conditional sales contract and pay the amount due thereon. It is further alleged that the warranties were untrue and that the discount company has duly assigned to the plaintiff all of its rights under the alleged warranties and that demand has been made for the repurchase of the instruments, which has been refused. Monetary relief is sought.

The dismissal of the amended pleading was in effect based upon an extension and implementation of the rule of contract law that the resale of a warranted chattel does not give the subpurchaser a right to sue the original seller for damages caused him by defects either in title or quality of the goods. (Cf. 4 Williston on Contracts, § 998; 1 Williston on Sales, § 244.) Therein it is stated that while there seems no reason why a warranty should be an exception to the general rule that a contract right is assignable two reasons are suggested for the inability of a subpurchaser to take advantage of a breach of warranty. First, that the sale of a chattel does not indicate that the seller means to part with his right of action for damages against one who previously sold the article to him and second, that the warranty must, it seems, be interpreted as a contract of personal indemnity. Otherwise stated, " There can be no warranty where there is no privity of contract." (*Turner* v. *Edison Stor. Battery Co.,* 248 N. Y. 73, 74; *Chysky* v. *Drake Bros. Co.,* 235 N. Y. 468, 469.) The rule has been the subject of criticism as applied to the necessity for privity of contract in warranties by representation (42 Harv. L. Rev. 414) and to action by subvendees for breach of warranty as to consumer goods (37 Col. L. Rev. 77).

Here, however, we are not considering chattels and the rules applicable thereto. The defendant when it sold the notes and

conditional sales contracts to the discount company made an agreement with the latter as to the existence of two facts. First, that a stated cash down payment had been made by the purchaser of the automobile and second, that the latter had received a copy of the conditional sales agreement. The defendant further agreed that if either of these facts was untrue it would upon demand repurchase the notes and conditional sales agreements. While the pleader has here designated these as warranties it would seem that they are more in the nature of a condition of the contract. In any event we find it unnecessary to here explore the difference between a condition and a warranty as applied in the law relating to the sale of chattels (cf. 1 Williston on Sales, § 178 *et seq.*).

We prefer to place our decision upon the ground that the promises made by the defendant were in the nature of contract rights. Such "A right may be the subject of effective assignment unless (a) the substitution of a right of the assignee for the right of the assignor would vary materially the duty of the obligor, or increase materially the burden or risk imposed upon him by his contract, or impair materially his chance of obtaining return performance, or (b) the assignment is forbidden by statute or by the policy of the common law, or (c) the assignment is prohibited by the contract creating the right" (Restatement, Contracts, § 151). None of these exceptions is here applicable. The duty of the defendant could not be materially varied or the burden placed upon it materially increased by the assignment. Either the purchasers of automobiles paid down a stated amount and received a copy of the conditional sales agreement or they did not. The truth or falsity of these facts was known to the defendant at the time of its transaction with the discount company. Assignment of the contract rights and the sale of the choses in action could not change defendant's position to its detriment or increase its burden.

There appears to be no reason in this area of the law to extend the rule applicable to resale of a warranted chattel to the resale of notes and conditional sales contracts. It has been suggested that the rule relating to chattels is in complete harmony with a system symbolized by *caveat emptor* (15 N. Y. U. L. Q. Rev. 292, 294). On the other hand, legal principles applicable to the sale and transfer of contract rights in general and negotiable instruments in particular have grown and developed in a different atmosphere. The suggested reasons for the rule have no validity when here applied. The contract rights assigned to plaintiff were not for the personal indemnification of the transferror and the allegations of the pleading

negative any claim that the discount company, as assignor, did not intend to part with all of its rights under the documents and the contract.

We conclude that the amended complaint states a legally sufficient cause of action. The contract rights being assignable then it follows that the plaintiff, as assignee, had a beneficial interest in the so-called warranties and this carried with it the right to demand of the defendant that it perform the alleged agreement.

The order appealed from should be reversed and the motion denied.

BREITEL, J. P., FRANK, VALENTE, McNALLY and BASTOW, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.