Julius J. Gans, J.
This action is for breach of warranty and the case was tried without a jury. Findings of fact and conclusions of law are waived. Defendants rested at the end of the plaintiffs’ case and moved for dismissal of the complaints, which motion is herewith denied.
The court is satisfied that the infant plaintiff, a high school student of 14 years of age, when informed by her mother that they were going to have tuna fish salad for supper expressed a preference for salmon and requested her father to pick some up on his way home from business. That the father complied with the request, purchased a can of salmon from the defendants, and that it was served to his daughter. While eating the salmon, plaintiff bit into a portion thereof which had concealed and imbedded therein a small hooked shaped metal pin, attached to which were two small plastic discs, causing her to sustain injuries.
The defendants argue that there was no privity of contract between the infant plaintiff and the defendants and that, accordingly, the plaintiff could not recover on a breach of warranty. In support of this contention the defendants cite Chysky v. Drake Bros. Co. (235 N. Y. 468, 472) wherein it is stated: “ If there were an implied warranty which inured to the benefit of the plaintiff it must be because there was some contractual relation between her and the defendant ”. The reason for this rule *280 is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty.
The horizons of our concepts in many fields of law are constantly widening. Mr. Justice Schwartzwald, in Welch v. Schiehelhuth (11 Misc 2d 312, 313-314) makes this enlightening observation: “ ‘ unless there be privity of contract, there can be no implied warranty.’ It seems clear that our modern standards and criteria should not he encumbered with such an uncompromising rule and as a result ‘ The assault upon the citadel of privity ’ has rapidly developed (Ultramares Corp v. Touche, 255 N. Y. 170, 180). Based upon the high regard which the law has for human life, the assault, especially in food cases, has become more vigorous. Acknowledging that the consequences to the consumer resulting from consumption of articles for immediate use may be disastrous and that if anyone must suffer it ought not to be the one who has no opportunity of determining the condition of the article but rather the one who has at his command the means of doing so. The trend has been away from the Chysky case (supra) and other cases as Redmond v. Borden’s Farm Prods. Co. (245 N. Y. 512) (where an infant was denied recovery, having been injured from broken glass in a bottle of milk sold to the mother), Smith v. Hanson (228 App. Div. 634) (where an infant was denied recovery on the ground that his mother was not his agent in purchasing cakes from the defendant) and Zotto v. Merkel Bros. (229 App. Div. 793) (where plaintiff husband was denied recovery for wrongful death of his wife, which was caused by her eating pork purchased by the husband from the defendant). The trend is towards greater enlightenment and it is predicted that the rule of privity will develop into one by which ultimately anyone who makes a contract with another will be liable to anyone who may he expected to be injured by a defective performance. (Dean Prosser, 9 Ark. L. Rev. 81, 88 [1955].) ”
In an article in the New York Law Journal on April 8 (p. 4, col. 1), 9 (p. 4, col. 1) and 10 (p. 4, col. 1), 1957, Mr. Justice Starke, after thorough research on implied warranty of quality and wholesomeness in the sale of food, makes the following sound and pertinent observations: “ To-day the right to sue for breach of warranty has been given to both husband and wife where either spouse made the purchase, on the theory of agency. The Court of Appeals has applied the agency rule or the third-party beneficiary doctrine, in order to extend the benefit of the protection of the implied warranty to a spouse as well as their infant and in those regards has thus circumvented the *281 strict technical requirement of privity between seller and purchaser.” “ The fortress built around the word ‘ privity ’ in breach of warranty of fitness of food cases has been undermined rather severely, because its foundation is weak. The strict interpretation of privity is based on technicality rather than reason ” (Apr. 8, 1957, p. 4, col. 2).
In the sale of salmon by defendants to the plaintiff’s father there was an implied warranty that it was fit for human consumption. I find as a matter of law that the implied warranty extended to the benefit of plaintiff’s daughter. The Court of Appeals in Blessington v. McCrory Stores Corp. (305 N. Y. 140) in passing on an issue involving similar family status extended the implied agency theory to a child where the purchase was made by a parent. It recognized the sufficiency in law of a cause of action brought by the personal representative of the deceased infant to recover damages for his pain and suffering resulting as a breach of warranty under subdivision 1 of section 96 of the Personal Property Law.
Now, with respect to damages, she sustained a fracture of her right central upper incisor, with an accompanying infection of the cheek, mouth and gums, and a swelling of the face. The tooth has become devitalized. For her pain and suffering she is awarded $1,000, and her father, plaintiff, for medical expenses is awarded $150, and I direct that judgment he entered accordingly against the defendants.
The foregoing constitutes the decision of the court and in accordance with provisions of section 24 of the New York City Court Act. Fifteen days’ stay and 30 days to make a case.