■ JOHN T. BURKE, Respondent, v. ASSOCIATED COCA-COLA BOTTLING PLANTS, INC., Doing Business as GLENS FALLS COCA-COLA BOTTLING COMPANY, Appellant.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, County Court, Saratoga County. In this action plaintiff has had a recovery against the defendant for breach of warranty of quality and fitness for human consumption of a bottle of beverage bought by plaintiff at a vending machine at a racetrack. No contractual relationship between plaintiff and the defendant, which is the manufacturer of the beverage, has been shown. The undisputed proof is that the beverage was owned and offered for sale in the vending machine by third parties, who, in turn, had purchased the beverage wholesale from defendant. The general invitation to the public to buy the beverage, and hence the contractual relationship arising from such an invitation with those who accepted it and bought, is not with the defendant, but with the actual vendors of the beverage. There is, therefore, no privity of contract established between plaintiff and this defendant on which a breach of warranty of quality and fitness may be founded. (*Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468.) In the light of the whole record and the proof that the actual seller to plaintiff was not this defendant, there is no room for a finding that defendant was, as plaintiff argues here, the " ostensible " seller; nor is there any proof that the actual sellers were agents of defendant. Judgment reversed on the law and the facts and complaint dismissed, with costs to appellant. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.