Martin Schenck, J.
The infant plaintiff was driven to an outside food service station at the Hot Shoppes Restaurant. He *104 sat in the front seat of an automobile owned and operated by a gentleman who was a coemployee and a friend of the infant’s mother, a divorcee. The infant’s mother was also in the front seat of the automobile. An employee of the restaurant came to the automobile and took an order for several items of food. Included among the items was a dish of ice cream for the infant who at that time was less than two years old. The order was served and was paid for by the gentleman in question.
The evidence at the trial revealed that while he was eating the ice cream, a piece of metal described generally as a “ screw ’ ’ became lodged in the infant’s throat. The infant’s mother, fortunately, was able to dislodge the screw before serious injury was sustained. Nevertheless, the occurrence did render the infant ill for several days and required medical attention. There was ample evidence to sustain a verdict by the jury awarding the infant $250 for his pain and suffering.
The question was raised during the trial, and is again raised now, on motion by the defendant Hot Shoppes, to the effect that Hot Shoppes cannot be liable here as a matter of law, because there was no privity of contract between the restaurant and the infant. The trial proceeded on the theory of breach of warranty. The defendant Hot Shoppes apparently does not seriously question the legal proposition of its liability to a contractual party if there was breach of implied warranty that food sold by it was fit for human consumption. The defendant argues, however, that the only contractual party here was the gentleman who ordered and paid for the ice cream. Defendant says that the infant is merely a third party, not within the contemplation of the contract, and therefore not protected by any implied warranty. Defendant in this connection cites a substantial number of cases including Chysky v. Drake Bros. Co. (235 N. Y. 468); Redmond v. Borden’s Farm Prods. Co. (245 N. Y. 512); Salzano v. First Nat. Stores (268 App. Div. 993); Gimenez v. Great Atlantic Pacific Tea Co. (264 N. Y. 390).
Decision was reserved upon motions by both defendants to dismiss the complaint herein at the close of the plaintiff’s case and also at the close of all the evidence. Such motions were based upon the authority of the foregoing cases and the old rule of law relative to 11 privity of contract ’ ’ which they represent. The verdict of the jury exonerated from liability the defendant Hood and Sons, Inc., which manufactured the ice cream. Accordingly, it is only the motions of the defendant Hot Shoppes which are now before us.
Some 30 years ago Chief Judge Cardozo in Ultramares Corp. v. Touche (255 N. Y. 170, 180) said, “ The assault upon the *105 citadel of privity is proceeding in these days apace ”. Recent decisions in lower courts throughout the State have continued this “ assault ” at a rapidly accelerating pace. The subject is comprehensively discussed in Welch v. Schiebelhuth (11 Misc 2d 312). In that case the court squarely held that the implied warranty rule should not limit benefits to the purchaser only but should extend such benefits to all others who through the purchaser partake of the food purchased. Subsequently, the same question was presented in the case of Greenberg v. Lorenz (14 Misc 2d 279). The trial court there reached the same conclusion as in the Welch case. Upon appeal to the Appellate Division, First Department, however, by a three to two vote, the trial court’s ruling in the Greenberg ease was modified. (Greenberg v. Lorenz, 7 A D 2d 968). It appears that the infant’s case was therein dismissed. There was, however, no opinion written in the Appellate Division and it is somewhat difficult to ascertain from the memorandum of the court the precise ground resulting in the “modification”. There may have been other points involved in that appeal which are not clear from the memorandum. In any event, there seems to be an appeal to the Court of Appeals now pending in the Greenberg case, permission for such appeal having been granted by the Appellate Division (8 A D 2d 609).
From the foregoing it seems clear that there is at least a tendency toward liberalization with respect to the privity of contract rule in breach of warranty cases. It also is apparent that the issue has not been completely resolved. In the case now before us, however, I believe that the facts are such as to bring the matter within what might be termed an ‘1 enlightened ’ ’ rule of law. It is true that a man, who was in no way related to this infant, paid for the ice cream which contained the foreign matter. On the other hand, the infant was present when the ice cream was ordered for his consumption. It must have been obvious to the waitress, employed by the defendant restaurant, that the ice cream in question was to be eaten by the child. It strikes me as being absurd to make it a prerequisite here that a child of less than two years should have actually contracted with the restaurant. The situation can be distinguished from other cases in which the ultimate consumer was not present when the food in question was purchased. Let us assume that the gentleman here had given the child 20 cents and suggested, by way of a joke or to help the child gain self-confidence, that the child himself should order the ice cream and pay the waitress. I presume that, if the child had complied, no one would argue against the present contentions of this plaintiff. To make a *106 legal distinction between that hypothetical situation and what actually transpired strikes me as nothing less than ridiculous.
I am of the opinion that the liberalized viewpoint should be extended to include all who, through the purchaser, are ultimate consumers of food which is subject to the standard implied warranty of fitness for human consumption. Whether or not such a view has been, or will be, adopted by the highest authorities in this jurisdiction is apparently still open to conjecture. The issue, presumably, will be decided in the Greenberg case, assuming that the appeal to the Court of Appeals is perfected. On the other hand, I think that the facts of the case at hand do not require such extreme “ liberalization ”. This infant was actually present when the “ contract ” was made. The infant directly, and in privity with the representative of the defendant, namely the waitress, received the ice cream from her with her knowledge that he was going to eat it. Therefore, whether or not this jurisdiction is prepared to go “ all the way ” with respect to liberalizing the privity of contract rule, I believe there is no question but that in common sense we certainly have gone as far as required by the facts of this case. The verdict under these facts is sustainable as being distinguishable from the Greenberg case (supra). The result herein reached is in accordance with the rationale of the court in Conklin v. Hotel Waldorf Astoria (5 Misc 2d 496).
Accordingly, all motions by this defendant, upon which decision has been reserved, are resolved accordingly. All such motions directed to the complaint and to the verdict are in all respects denied. The verdict stands.