J. Irwin Shapiro, J.
Motion by the defendant Clairol Incorporated “ for an order dismissing the Fourth Cause of Action in favor of plaintiff, lori bolle, against defendant, clairol incorporated, and dismissing the Sixth Cause of Action in favor of plaintiff, frank w. bolle, against defendant, clairol incorporated, upon the ground that these Causes of Action in the Complaint, and the Complaint itself, did not state facts sufficient to constitute a Cause of Action against clairol incorporated under Buie 106 (4) of the Buies of Civil Practice; and furthermore, for an order directing that Judgment be entered herein in favor of defendant, clairol incorporated, against plaintiffs, LORI BOLLE and FRANK W. BOLLE.”
The relevant portions of the complaint are embraced in paragraphs 41 through 46. In substance they allege that defendant Clairol Incorporated breached an implied warranty of fitness for particular purposes with respect to certain preparations, compounds, lotions and other chemicals used upon the hair of plaintiff, Lori Bolle, by defendant Seligman & Latz, Inc., to whom those products were sold by defendant Clairol Incorporated.
Plaintiff does not allege the existence of any contractual relations between defendant Clairol Incorporated and herself or the other plaintiff, her husband. In the absence of any sale of any product by defendant Clairol Incorporated to plaintiff Lori Bolle or any contractual relations between them with reference to said products she may not, under existing law, maintain an action for breach of warranty.
The citadel of privity followed and reiterated in Chysky v. Drake Bros. Co. (235 N. Y. 468, decided in 1923) may well be tottering (see Greenberg v. Lorenz, 7 A D 2d 968 in which two of the five Justices dissented and in which that court later gave *476 the plaintiff leave to appeal to the Court of Appeals [8 A D 2d 609]), but until the court of last resort of our State reverses itself, if it does, this court must apply the law as it presently is, regardless of its own feelings that the concept that contractual liability exists only to those persons who were parties to the bargain, is outmoded and obsolete.
Under modern conditions the ordinary person is daily importuned by newspaper, radio and television to rely upon representations as to fitness for use contained in said advertising media. In making use of such mass media to draw and attract the attention of the ultimate consumer and to obtain his patronage, the obligation of the manufacturer should not be determined upon a narrow common-law theory of privity of contract. We may well say with the court in Mazetti v. Armour & Co. (75 Wash. 622, 627) that we should judicially find a privity of contract which rests upon and answers to “ the demands of social justice ”, or as the court put it in Madouros v. Kansas City Coca Cola Bottling Co. (230 Mo. App. 275, 283): “If privity of contract is required ” such “privity of contract exists in the consciousness and understanding of all right-thinking persons.” In volume 2 of Harper & James, Law of Torts (pp. 1571-1572 [1956]) the authors properly put it thusly: “ The interest in consumer protection calls for warranties by the maker that do run with the goods, to reach all who are likely to be hurt by the use of the unfit commodity for a purpose ordinarily to be expected.”
That the restricted theory of privity of contract, although still accepted in a majority of jurisdictions, is giving way before the facts of our modern day way of living is made manifest by the increasing number of jurisdictions which are breaking through the barrier. (Baxter v. Ford Motor Co., 168 Wash. 456; Decker & Sons v. Capps, 139 Tex. 609; Patargias v. Coca-Cola Bottling Co. of Chicago, 332 Ill. App. 117; Bahlman v. Hudson Motor Car Co., 290 Mich. 683; Worley v. Procter & Gamble Mfg. Co., 241 Mo. App. 1114; Markovich v. McKesson & Robbins, 106 Ohio App. 265; Jeanblanc, Manufacturers’ Liability to Persons other than their Immediate Vendees, 24 Va. L. Rev. 134, 156; Davis v. Van Camp Packing Co., 189 Iowa 775; Nichols v. Nold, 174 Kan. 613; Ward v. Morehead City Sea Food Co., 171 N. C. 33.)
In discussing those and other cases the court in Henningsen v. Bloomfield Motors (32 N. J. 358, 380-381 [1960]) said: ‘ ‘ Although only a minority of jurisdictions have thus far departed from the requirement of privity, the movement in that direction is most certainly gathering momentum. Liability *477 to the ultimate consumer in the absence of direct contractual connection has been predicated upon a variety of theories. Some courts hold that the warranty runs with the article like a covenant running with land; others recognize a third-party beneficiary thesis; still others rest their decision on the ground that public policy requires recognition of a warranty made directly to the consumer.”
We have made it manifest that we think the State of New York should no longer restrict recovery under a narrow rigid interpretation of the common-law rule of privity of contract. We believe that the tendency of our highest court is in that direction (Blessington v. McCrory Stores Corp., 305 N. Y. 140), but until that court expressly repudiates its previous holdings on the very issue here at bar, we are bound to interpret the law as it still is and not as it may hereafter be.
Under the circumstances the court is constrained to grant the motion of defendant Clairol Incorporated to dismiss the fourth and sixth causes of action upon the ground that they do not state facts sufficient to constitute causes of action against the moving defendant.