Samuel M. Gold, J.
Defendant, American Cyanamid Company, moves for summary judgment dismissing the complaint. The action is in contract for breach of warranty. In general, the charge is that the defendant manufactures a textile finishing process marketed as “ Cyana ”, which is widely and extensively advertised and offered to the textile trade and the public as an inducement to manufacture fabrics with the process and to use garments made with the fabrics so processed and which by reason thereof will not shrink out of fit. The codefendants process textiles for use in the manufacture of children’s cotton knit garments and they are licensed by the defendant, Cyanamid, *477 to use its process. The plaintiff is a manufacturer of children a cotton garments and purchased the fabrics treated with ‘ ‘ Cyana ’ ’ from the codefendants and found that the fabric was not shrinkage resistant.
The defendant urges that it is not liable to the plaintiff upon any representation since there is no privity of contract between them. Defendant’s arrangement with its licensees provides that tags and labels will be furnished by the defendant approximately at cost. It is also provided that “ All applications by Purchaser’s customers for tags, labels * * * identifying the cotton knit goods or garment as having been treated with CYANA Resin, shall be made through Purchaser and Purchaser shall so notify its customers.” Such tags, it is alleged, were furnished to the plaintiff by the codefendants and were attached to the garments manufactured by the plaintiff. Plaintiff urges that in the facts and circumstances of this case the court is warranted from deviating from the general rule as laid down in Chysky v. Drake Bros. Co. (235 N. Y. 468). Defendant’s manager of its textile chemicals department asserts that the plaintiff has at no time entered into any agreement or engaged with the defendant relating to the use of “ CYANA Resin” or “ CYANA ” treated fabrics. The sole relationship between the defendant and its licensees results from the execution of a ‘ ‘ Quality Control Agreement ’ ’, pursuant to which ‘ ‘ quality control requirements ” were issued by the defendant which laid down the conditions before the tags can be supplied. The requirements further provide that “ Since the quality of the CYANA Shrinkage Control Finish for Knit Goods rests with the processor, it will be your responsibility to see that each of your customers agrees to insure that labels indicating treatment with CYANA Shrinkage Control Finish for Knit Goods are properly used and that such labels are not affixed to garments manufactured of fabrics not treated with CYANA Shrinkage Control Finish for Knit Goods. A letter to you from your customers agreeing to the above conditions shall be deemed compliance on your part.” In all the circumstances, the question whether the defendant had placed in motion a representation by the use of the tag and otherwise on which the plaintiff had a right to rely and for the falsity of which the defendant would be liable, should await further exploration and investigation upon the trial. Upon the basis of this submission, the claimed agency of the codefendants in the use of defendant’s process and the distribution of the tags supplied by the defendant cannot be ruled out. The motion is denied.