**Donald MONACO, Plaintiff,**

v.

**CHRYSLER SALES CORPORATION and Chrysler Corporation, Defendants.**

United States District Court
S. D. New York.
Feb. 20, 1961.

Fink, Frank & Gerringer, New York City, for plaintiff; Jacquin Frank and William Rosenthal, New York City, of counsel.

John P. Carson, New York City, for defendants.

HERLANDS, District Judge.

Upon the conclusion of the entire case, the defendants moved to dismiss, inter alia, the claim in each of the two complaints predicated upon breach of an implied warranty of fitness for use.

The jurisdiction of this Court is based upon diversity of citizenship. The substantive law to be applied is that of New York State. The actions are for damages sustained by the plaintiff when, on February 2, 1956, the car he was driving went out of control, collided against a tree, and severely injured the plaintiff. The car had been manufactured by the defendant Chrysler Corporation. The car was owned by the codefendant Chrysler Sales Corporation which, on February 2, 1956, permitted the plaintiff to drive the particular car.

The plaintiff, a journalist, was employed as associate editor by Ziff-Davis

Publishing Company, publisher of "Sports Car Illustrated" to write articles about new cars from the point of view of the average driver. Manufacturers and distributors of new cars desire the publicity as valuable advertising. To enable plaintiff to obtain material for his story, the public relations representatives of the defendant Chrysler Sales Corporation arranged through and with the Ziff-Davis Publishing Company and the plaintiff to have the plaintiff pick up and drive the car to be "written up." That was done in this case.

After operating the car for about 100 miles without incident, the plaintiff drove the car in Central Park. The roadway was wet. At about 9:45 P.M., while attempting to make a sharp left turn, the car went out of control. The plaintiff claims it went out of control because of a defective gas pedal that did not spring back to normal position. The defendants claim that the accident was caused by the plaintiff's own negligence in driving at an excessive rate of speed while attempting to negotiate a sharp left-hand turn in a wet road.

The complaint against Chrysler Sales Corporation was filed on February 1, 1957. The complaint against Chrysler Corporation was filed October 10, 1957. When filed, neither complaint contained a claim based upon breach of warranty.

In due course, on October 17, 1960, a pretrial hearing was held; and, on that date, the plaintiff was permitted to amend each of the complaints by adding a count based upon implied warranty of fitness for use. The amendment is reflected in the formal pretrial order dated October 17, 1960. Further amplification of said amendment was placed on the trial record toward the end of the case, before both sides rested.

■ As to the defendant Chrysler Corporation, the manufacturer of the car, clearly there was no privity between said defendant and the plaintiff's employer, Ziff-Davis Publishing Company; nor was there any privity between said defendant and the plaintiff.

As to the defendant Chrysler Sales Corporation, the owner and supplier of the car, the Court will assume arguendo that there was privity between Chrysler Sales Corporation and Ziff-Davis Publishing Company, the employer of the plaintiff. However, it is undisputed that the plaintiff herein, in obtaining the car from Chrysler Sales Corporation, was acting solely as an employee of Ziff-Davis Publishing Company, and that defendant Chrysler Sales Corporation dealt with plaintiff solely as an employee of Ziff-Davis Publishing Company. There was no privity between Chrysler Sales Corporation and the plaintiff.

Under the New York State decisional law, as authoritatively expounded by the Court of Appeals, the third party contract beneficiary doctrine has not been applied to this area of the law so as to qualify the plaintiff as one entitled to invoke an implied warranty of fitness for use. Indeed, the New York Court of Appeals have strictly construed the rule of privity and have not applied a warranty of implied fitness for use to persons other than the contracting party even though such other persons were closely connected with the contracting party.

■ Under the law of New York, the vendor's or supplier's liability on an implied warranty is limited to those with whom he is in privity of contract. Chysky v. Drake Brothers Company, Inc., 1923, 235 N.Y. 468, 139 N.E. 576, 27 A. L.R. 1533; Redmond v. Borden's Farm Products Co., Inc., 1927, 245 N.Y. 512, 157 N.E. 838; Gimenez v. Great Atlantic & Pacific Tea Company, 1934, 264 N.Y. 390, 191 N.E. 27; Bourcheix v. Willow Brook Dairy, Inc., 1935, 268 N.Y. 1, 196 N.E. 617, 98 A.L.R. 1492; Hopkins v. Amtorg Trading Corp., 1942, 265 App. Div. 278, 38 N.Y.S.2d 788; Salzano v. First National Stores, Inc., 1944, 268 App.Div. 993, 51 N.Y.S.2d 645.

This rule cannot be circumvented by invoking the concept of "third party beneficiary." Gimenez v. Great Atlantic & Pacific Tea Company, supra.

■ Privity does exist between a vendor and an undisclosed principal. Ryan v. Progressive Grocery Stores, Inc., 1931, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339; Bowman v. Great Atlantic & Pacific Tea Company, 1954, 284 App.Div. 663, 133 N.Y.S.2d 904, affirmed 1955, 308 N.Y. 780, 125 N.E.2d 165.

Despite the authority to the contrary some New York lower court judges have repudiated the requirement of privity, asserting it to be contrary to reality and to be historically unsupportable. These attempts are exemplified by the following lower court cases:

Conklin v. Hotel Waldorf Astoria Corporation, City Court, New York County 1957, 5 Misc.2d 496, 161 N.Y.S.2d 205; Parish v. Great Atlantic & Pacific Tea Company, City Court, New York County 1958, 13 Misc.2d 33, 177 N.Y.S.2d 7; Greenberg v. Lorenz, City Court, Bronx County, 1957, 14 Misc.2d 279, 178 N.Y. S.2d 404; affirmed, App. Term 1st Dept. 1958, 12 Misc.2d 883, 178 N.Y.S.2d 407, modified 1959, 7 A.D.2d 968, 183 N.Y.S. 2d 46; Walker v. Hot Shoppes of New York, Inc., County Court, Albany County 1960, 21 Misc.2d 103, 200 N.Y.S.2d 742; Welch v. Schiebelhuth, Supreme Court, Kings County 1957, 11 Misc.2d 312, 169 N.Y.S.2d 309.

Of the above-cited cases only one went to the Appellate Division. In Greenberg v. Lorenz, 1959, 7 A.D.2d 968, 183 N.Y. S.2d 46 the Appellate Division dismissed the complaint of the infant on the ground that she failed to establish a cause of action. (She was injured by a metal tag in a can of salmon that her father had purchased for the family.) The Appellate Division relied on Chysky v. Drake Brothers Company, supra, and Salzano v. First National Stores, Inc., supra.

A striking illustration of the limitations of the implied warranty doctrine is the Rhode Island case of Wolf v. S. H. Wintman Company, R.I.1958, 139 A.2d 84.

In the Wolf case, involving an exploding beer bottle, it was held that the implied warranty to the purchasing corporation (a retail liquor store) would not inure to the benefit of the plaintiff-husband and plaintiff-wife, who were the sole stockholders and officers of the corporation. The plaintiff-wife had been injured by the exploding bottle.

Judge Swan said in Avlon v. Greencha Holding Corp., 2 Cir., 1956, 239 F.2d 616, 619:

"Admittedly it is always, difficult to forecast what will be the position of the court of another jurisdiction; * * *."

■ This Court "must apply the law as enunciated by the Court of Appeals" of New York State. See Messina v. Clark Equipment Company, 2 Cir., 1959, 263 F.2d 291, 293.

This Court may not apply state law more liberally than does the higher State Court itself.

In West v. American Telephone & Telegraph Company, 1940, 311 U.S. 223, at page 236, 61 S.Ct. 179, at page 183, 85 L.Ed. 139, the Court said:

"True, as was intimated in the Erie Railroad case [Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], the highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited or restricted."

However, the New York Court of Appeals has not given "clear and persuasive indication" that its pronouncements in this particular field will be modified, limited or restricted hereafter.

Accordingly, the Court hereby dismisses the breach of warranty claims in each of the two complaints, that have been consolidated for trial.