Harold J. Crawford, J.
Motion by defendant Ford Motor Company for an order dismissing each of the five causes of action for insufficiency.
The first cause of action by the plaintiff, Martin Levitt, is for personal injuries, the second by his wife for personal injuries, the third by Martin Levitt for loss of services, the fourth by Martin Levitt for breach of warranty, and the fifth by Martin Levitt for property damage.
The complaint alleges that on July 5, 1960 plaintiff Martin Levitt bought a Ford station wagon from the defendant Hicks-ville Motors, Inc., that said car came equipped with Firestone tires, that on July 23, 1960, while plaintiffs were riding on the Pennsylvania Turnpike, the right front tire blew out, as a consequence of which both plaintiffs were injured.
It is further alleged, among other things, that defendant Ford was negligent in manufacturing and selling an automobile containing a defective part, in failing to see to it that the car was fit and reasonably safe for the use for which it was intended, and in failing to make proper tests.
A prior motion by the defendant Firestone was' denied as to the four causes of action, sounding in negligence and granted as to the cause of action for breach of warranty. (28 Misc 2d 599.)
With respect to the negligence actions, defendant Ford argues that since the complaint specifically alleges that the tire was manufactured by Firestone, Ford’s only duty was to inspect the tire and that since the complaint further alleges that the defect was latent, it follows that it was not discoverable upon ordinary examination.
A manufacturer of automobiles is responsible for the finished product; “It was not at liberty to put the finished product on the market without subjecting the component parts to ordinary and' simple tests * * *. The obligation to inspect must vary with the nature of the thing to be inspected. The more probable the danger, the greater the need of caution.” (MacPherson v. Buick Motor Co., 217 N. Y. 382, 394-395.)
Moreover, in Markel v. Spender (5 A D 2d 400, affd. 5 N Y 2d 958) the Appellate Division, at page 409, said: ‘ ‘ The defendant *742 represented to. the- public, that the car as a- whole was manufactured by it. One who puts out a completé product, as being of his manufacture, is liable for any defect in a. component part as if he had manufactured it,' even 'though, in fact, he had purchased the part from others. It is not material in such a case whether the defect could have been discovered by inspection at the time of assembly(Citing cases.)
It follows that the actions for negligence are sufficient and as to them the motion to dismiss is denied.
With respect to the action for breach of warranty, it has long-been the law in this State that there can be no warranty, express or implied, without privity of contract. (Greenberg v. Lorenz, 9 N Y 2d 195.) .
Plaintiff argues, however, that the Greenberg case (supra) shows a departure from that long-established rule. That is '■rue, but in that very case the Court of Appeals indicated that, for the present at least, the ancient rule, has not been completely abandoned. The court said: ‘‘ So convincing a showing of injustice and impracticality calls upon us to move but we should 6e cautious and take one! step at .a time. i:’ * * At least as to food and household goods, the presumption should be that the purchase was made for all the members of the household ’ ’ (p. 200), ,
Whether the rule in the Greenberg case should be extended co automobiles is a matter for the appellate courts to decide. As the law presently stands, it does not appear that the Green-berg case, has abolished, .with respect to all forms of merchandise, the ancient doctrine that privity of contract is necessary to support an action for breach of warranty.
Accordingly, the fourth cause of action which is based on breach of warranty is insufficient as to the defendant Ford since there was no privity between, said defendant and the plaintiffs. (Campo v. Scofield, 301 N. Y. 468, 471.)
Defendant Ford’s motion is granted only to the extent of dismissing the fourth cause of action as to it and in all other respects the motion is denied.