Per Curiam.

Plaintiff has established a prima facie case of breach of warranty. Although the plaintiff’s employer rather than the plaintiff was the legal purchaser of the machine, the plaintiff comes within the extension of the rule of privity as laid down in Greenberg v. Lorenz (9 N Y 2d 195) as between plaintiff and the defendant Leo Eichenbrunner, doing business as Leo’s Hardware & Supply Co. However, there was no privity of contract between plaintiff and the H. D. Hudson Mfg. Co., Inc., manufacturer of the machine, or between the defendant third-party plaintiff Leo Eichenbrunner, doing business as Leo’s Hardware & Supply Co., and the manufacturer H. D. Hudson Mfg. Co., Inc.; nor was there any proof of negligence on the part of the manufacturer, H. D. Hudson Mfg. Co., Inc. There was, therefore, no basis for a judgment against the manufacturer in favor of either the plaintiff or the defendant Leo Eichenbrunner, doing business as Leo’s Hardware & Supply Co.
The judgment should be modified so as to delete therefrom so much thereof as awards recovery in favor of the plaintiff against H. D. Hudson Mfg. Co., Inc., and in favor of the defendant Leo Eichenbrunner, doing business as Leo’s Hardware & Supply Co. against the defendant H. D. Hudson Mfg. Co., Inc., and as modified should be affirmed, without costs.
Concur —Hoestadter, Hecht and Aurelio, JJ.
Judgment modified, etc.