J. KtObebt Lynch, J.
The defendant Contractors Syracuse Sales moves to dismiss the complaints in Actions 4, 5 and 6 for insufficiency and as being barred by the Statute of Limitations. Actions 4, 5 and 6 attempt to state complaints in breach of warranty. The moving defendant has already been sued in negligence for the same accident by the same plaintiffs in Actions 1, 2 and 3. It is patent from their wording that if the complaints in Actions 4, 5 and 6 do not state causes of action in breach of warranty they are then simply reiterations of the complaints in negligence which have preceded them. As such they would be subject to dismissal for not having been commenced within three years, if not for redundancy.
The three plaintiffs were injured using a piece of construction equipment of which the moving defendant was the lessor. The lessee was Consolidated Gas and Service Inc. It is alleged that the lessor knew that the equipment was to be used by the employees of Consolidated Gas and Service and also the employees of Northeastern Electrical Construction Company. One of the plaintiffs was an employee of Consolidated Gas and Service. One was an employee of Northeastern Electrical Construction Company. The third plaintiff alleges that he was employed by both Consolidated Gas and Service and Northeastern Electrical Construction and that he is, in fact, president of both corporations and that they are simply his alter egos.
The moving defendant attacks the warranty complaints by asserting the absence of a privity of contract. All of the plaintiffs counter that a logical extension of the recent holding in Greenberg v. Lorenz (9 N Y 2d 195) eliminates the necessity of privity of contract. In addition, the plaintiff corporation president claims privity on the alter ego theory.
The claim of privity cannot be upheld on the alter ego theory any more than it could on an employer-employee theory. Historically the claim may benefit only the immediate contracting parties, here, the moving defendant and Consolidated Gas and *79 Service — unless, of course, the controlling principle has been changed by the current of legal decisions culminating in the Greenberg case.
Formerly, only the buyer or lessee, himself, was entitled to claim the privity of contract necessary to assert breach of warranty against the seller or lessor (Chysky v. Drake Bros. Co., 235 N. Y. 468). Then, as is set forth in Greenberg (supra, pp. 198-199), came a series of decisions liberalizing this principle. Ryan v. Progressive Grocery Stores (255 N. Y. 388) permitted a damaged husband to sue where his wife bought food that injured him and then, in Gimenez v. Great A. & P. Tea Co. (264 N. Y. 390) the wife was permitted to sue on her own behalf. Mouren v. Great A. & P. Tea Co. (1 N Y 2d 884) next allowed recovery for both husband and wife. In the meantime, Bowman v. Great A. & P. Tea Co. (308 N. Y. 780) held that a sister who purchased food did so as an agent of the other sister where both lived in a common household.
At this point still extant was the principle enunciated in Redmond v. Borden’s Farm Prods. Co. (245 N. Y. 512) that a dependent child for whom food was purchased by his mother could not claim privity of contract with the seller. And it was to correct this specific 1 ‘ injustice and impracticality ’ ’ that expressly motivated the Greenberg decision.
It is true that implicit in the Greenberg case is the recognition that the law will be called upon in the future, as it has in the past, to adapt itself to the changing realities of social conditions. This is not, however, a clarion call to revolution. It permits rather a “ one step at a time ” orderly liberalization within the frame of reference to which the case addressed itself, i.e., food cases in which there is involved a principal-agent question as to the purchaser and the plaintiff. ‘ ‘ At least as to food and household goods, the presumption should be that the purchase was made for all the members of the household.” (Greenberg v. Lorenz, 9 N Y 2d 195, 200, supra.)
The case at bar involves construction equipment and any analogy regarding the necessity of public protection between that field and the field of food and household goods is strained. More important, the agency criterion here is entirely inapplicable. It cannot be validly maintained that Consolidated Gas and Service leased this equipment as an agent for the plaintiffs. Nor can the plaintiffs claim the other open-sesame to privity of contract — that they are third-party beneficiaries.
To extend privity of contract to the plaintiffs, or to exempt them from it, would be to warp the holding in the Greenberg case (supra) beyond intention or recognition.
*80 That branch of the Chysky case (supra) principle developed through the holdings in Turner v. Edison Storage Battery Co. (248 N. Y. 73); Campo v. Scofield (301 N. Y. 468), and Levitt v. Ford Motor Co. (28 Misc 2d 740) is controlling.
The complaints in Actions 4, 5 and 6 are dismissed.