Richard J. Cardamons, J.
This is a motion made by the defendant, Corning Class Works, to dismiss the second cause of action in each of the above-entitled actions for legal insufficiency.
Plaintiff is a housewife who was injured when a lamp bulb which she was removing from its electrical socket exploded. In her complaint she sets forth first a cause of action for negligence and, second, a cause of action for breach of warranty. Her husband, in his derivative complaint sets forth the same two causes of actions, i.e., one in negligence and one for breach of warranty. This motion is addressed to the second cause of action in each complaint which alleges a breach of implied warranty.
*140 The facts as they appear from the moving papers indicate that the plaintiff wife purchased the lamp bulb in the Spring or Summer of 1956 in Onondaga County. The lamp was a floodlight, projector type which was to be used to illuminate the plaintiff’s driveway and yard. In March of 1958, the lamp ceased to function and on April 2, 1958, when plaintiff undertook to remove the lamp, as she was in the process of unscrewing it, it violently exploded or imploded, forcing a piece of heavy, sharp glass into plaintiff’s right wrist causing the injuries for which the action was instituted.
The lamp bore the imprint “ Champion Lamp Works ” on it. The complaints allege that the defendant, Corning Class Works, manufactured the glass and the lamp itself and placed the label “ Champion Lamp Works ” on it for Champion and that this flood-like, projector type lamp was made of a heavy, thick glass. The plaintiffs allege in the second cause of action: “that defendants and each of them * * * sell said * * * lamps to the general public by distribution through agents * *■ * and that the products so sold * * * are warranted under the law to be fit and proper for public use and are further warranted to be of a mercantile and merchantable quality and that plaintiff did buy the lamp * * * subject to such warranties including fitness for the purpose intended for its use and * * * said lamp was not fit for the purpose intended and not of a mercantile and merchantable quality, and that said defects constituted a breach of defendant’s warranties to plaintiff regarding said lamp and said sale.”
It is further alleged “that the plaintiff did rely on these warranties upon her purchase and use of the lamp complained of” and that she was injured as a result of the breach of warranty.
The long-established court-made rule requiring privity of contract between parties in an action for breach of warranty (Ultramares v. Touche, 255 N. Y. 170 [1931]; Turner v. Edison Storage Battery Co., 248 N. Y. 73 [1928]; Chysky v. Drake Bros., Co., 235 N. Y. 468 [1923]) has been overturned by two recent landmark decisions of the Court of Appeals (Greenberg v. Lorenz, 9 N Y 2d 195 [1961]; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5 [1962]). The sweeping language used by the majority of the court in Randy Knitivear (supra, p. 16) indicates a trend to dispense with the requirement of privity: “Indeed, we made the matter clear in Greenberg v. Lorens when, after observing that the rule requiring a direct contractual relationship between the plaintiff and the defendant *141 is of 1 judicial making we went on to say, 1 our statutes say nothing at all about privity ’
Moreover, in a number of modern decisions involving suits by consumers against suppliers where technical privity was lacking, this trend has been continued (Thomas v. Leary, 15 A D 2d 438 [4th Dept., 1962]; Simpson v. Eichenbrunner, 31 Misc 2d 958 [App. Term, 1st Dept., 1961]; Amie v. Laure, 16 A D 2d 736 [4th Dept., 1962]; Williams v. Union Carbide Corp., 17 A D 2d 661 [2d Dept., 1962]). If the strict requirement of privity is to be liberalized, the distinguishing facts in this case from those in the cases cited would not be controlling. To decide for the plaintiff here is another “ logical and progressive step ” (Thomas v. Leary, supra).
As the Court of Appeals stated (11 N Y 2d 5, 14) “ insistence upon the privity requirement may well leave the aggrieved party, whether he be ultimate business user or consumer, without a remedy in a number of situations * * * [footnote 5] ”.
“ 5. Typical of this would be a case where the consumer, relying on representations contained on labels or in advertisements for which the manufacturer is responsible, purchases a brand-name article from the shelves of the retailer. In such a case, the retailer ordinarily makes no express warranty and the purchaser may not even invoke an implied warranty of fitness (Personal Property Law, § 96, subd. 4). Consequently, if privity were prerequisite to an action by the consumer against the manufacturer, whose representations induced his purchase, he would (absent proof of negligence) be denied all redress except, perhaps, for breach of the implied w.arranty of merchantability (Personal Property Law, § 96, subd. 2).”
While it is true that the Court of Appeals was dealing with a case of express warranty in Bandy Knitwear, the language used by the court (footnote 5, supra) governs the facts presented here. Accordingly, defendant’s motion is denied, without costs.