GRACE E. GIMENEZ, Respondent, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with Another.

THOMAS T. GIMENEZ, Respondent, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with Another.

(Argued May 24, 1934; decided June 5, 1934.)

*Frank H. Hiscock* and *Harry C. W. Melick* for appellant. There was no evidence that the wife in procuring the crab meat acted other than as agent for her husband and she, therefore, may not maintain an action for personal damage based on breach of warranty because no privity of contract exists between her and defendant and her action should have been dismissed. (*Lindholm v. Kane*, 92 Hun, 369; *Bradt* v. *Shull*, 46 App. Div. 347; *Valois* v. *Gardner*, 122 App. Div. 245; *De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Stevens* v. *Hush*, 107 Misc. Rep. 353; *Cromwell* v. *Benjamin*, 41 Barb. 558; *Constable* v. *Rosener*, 82 App. Div. 155; 178 N. Y. 587; *Briggs* v. *Devoe*, 89 App. Div. 115; *Martin* v. *Bronx County Trust Co.*, 237 App. Div. 246; *Holcomb* v. *Harris*, 166 N. Y. 257; *Porter* v. *Dunn*, 131 N. Y. 314; *Reynolds* v. *Robinson*, 64 N. Y. 589; *Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *Gearing* v. *Berkson*, 223 Mass. 257; *Jackson* v. *Watson & Sons*, [1909] 2 K. B. 193; *Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Rinaldi* v. *Mohican Co.*, 225 N. Y. 70.) The husband's action for loss of consortium and medical expenses of the wife being restricted solely to damages alleged to have been sustained as the result of breach of an implied warranty made to her and not to him should have been dismissed as it failed to state a cause of action. (*Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Redmond* v. *Borden's*

*Farm Products Co.*, 245 N. Y. 512; *Turner* v. *Edison Storage Battery Co.*, 248 N. Y. 73; *Feneff* v. *N. Y. C. & H. R. R. R. Co.*, 203 Mass. 278; *Bolger* v. *Bery Co.*, 205 Mass. 420; *Gearing* v. *Berkson*, 223 Mass. 257; *Marri* v. *Stanford St. R. R. Co.*, 84 Conn. 9; *Bennett* v. *Bennett*, 116 N. Y. 584; *Friend* v. *Childs Dining Hall*, 231 Mass. 65; *Reed* v. *Livermore*, 101 App. Div. 254; *Romeyn* v. *Sickles*, 108 N. Y. 651.)

*Frank L. Wiswall, Mordecai Cohen, Joseph H. Crown, Carl O. Olson* and *Raymond J. Riley* for respondents. The husband's recovery is fully sustained by the law. (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458; Cons. Laws, ch. 69, § 199; *Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *P. G. Poultry Farm* v. *Newton B-P Mfg. Co.*, 248 N. Y. 293; *Boyce* v. *Greeley Square Hotel*, 228 N. Y. 106; *Bernstein* v. *Queens County Jockey Club*, 222 App. Div. 191; *Kennedy* v. *Woolworth Co.*, 205 App. Div. 648; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382.) The wife's recovery is sustained by the law. (*Meyer* v. *Kerschbaum*, 133 Misc. Rep. 330; *Groce* v. *First National Stores, Inc.*, 268 Mass. 210.)

POUND, Ch. J. These are separate appeals in actions brought by a wife and her husband, which were tried together.

The wife's amended complaint sets forth two causes of action: (1) Breach of warranty, and (2) negligence. Trial, however, was limited to the count for breach of warranty, it being claimed that certain crab meat procured by the wife in a sealed can from appellant, a retailer, was not fit for human consumption " in that it contained a deleterious substance other than crab meat," and that as a result of the deleterious substance her stomach became lacerated and cut. The husband's action was for loss of consortium and medical expenses for his wife. It originally was based solely on negligence but at the trial his complaint was amended so as to eliminate negligence and base the

action on breach of the implied warranty alleged to have been made to his wife.

The wife's cause of action seems clearly established. She bought a can of crab meat from the retailer. Under section 96 of the Personal Property Law (Cons. Laws, ch. 41) she bought with an implied warranty of fitness. (*Ryan* v. *Progressive Grocery Stores, Inc.*, 255 N. Y. 388, 393.) She could maintain an action for breach of the implied warranty. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70, 75.) The question reserved in the *Rinaldi* case, whether an action would lie in favor of others, was settled in the *Ryan* case by holding that the husband might sue when the wife acted simply as his agent in making the purchases; when the only contract in such case existed between the husband and the seller and when the cause of action in contract accrued to him. This was the rule laid down in *Gearing* v. *Berkson* (223 Mass. 257), which was cited without approval in the *Rinaldi* case (*supra*). As it does not appear that the *Rinaldi* case has ever been modified by this court, we take the law to be that where the wife is the purchaser the right of action is hers, and that she is presumably the purchaser.

The question next arises as to whether the husband may maintain an action for breach of implied warranty to recover for the consequential damage sustained by him for " loss of his wife's services, loss of society and expense incurred for medical attendance and treatment," as alleged in his amended complaint. In *Gearing* v. *Berkson* (*supra*) the court said that the cause of action for breach of warranty rests on contractual relations and hence there is no warranty except to the person to whom the sale is made. The same rule is laid down in this court in *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468), which held in substance that " to sustain a finding that there was a breach of warranty, express or implied, there must have been evidence of contract between the parties, for without a contract there would be no warranty."

There can be no doubt that the husband's action as stated in his amended complaint was for breach of warranty and not for negligence. He had alleged no cause of action for negligence, no reliance on such cause of action in fact. His complaint should have been dismissed.

The question may arise why recovery is allowed the husband for consequential damages caused by illness of the wife in actions for breach of contract of a railroad company made with the wife to convey safely. The answer is that any one sustaining damage by reason of such a breach of duty may maintain an action, bottomed on the violation of a public duty imposed independent of contract. The causes of action are quite independent of each other. Therefore, it is presumed that the husband was entitled to recover for such expenses as are here in issue. The nature of the action is essentially in tort where the rule is that one who is injured by the delict of another is entitled to recover his damage from the wrongdoer. (Cf. note, 47 Harvard Law Review, 1443.)

Some reliance is placed by the respondent on the expressions of HISCOCK, Ch. J., in the opinion in *Abounader* v. *Strohmeyer & Arpe Co.* (243 N. Y. 458), fortified by the opinion of O'BRIEN, J., in *Pine Grove Poultry Farm, Inc.,* v. *Newton By-Products Mfg. Co.* (248 N. Y. 293), to sustain a recovery under the Agriculture and Markets Law (formerly Farms and Markets Law) (Cons. Laws, ch. 69). It is there held that a public statute, such as the Farms and Markets Law, need not be pleaded. Neither is there any requirement that during the trial it shall be brought to the attention of the court or opposing counsel if the facts found by the jury upon abundant evidence constitute as matter of law a violation of the statute. Helpful as such expressions may be and sound as is the law they state, they have no application here. Violation of duty under the Agriculture and Markets Law is said to be negligence as matter of law. As such, the

husband might recover for his loss due to his wife's injuries. Here the husband disclaims negligence and emphatically relies on breach of warranty without contractual relation. The wife's action rests unequivocally on breach of contract and not on negligence. Indeed, the husband's complaint was amended to disclaim negligence and allege the breach of an implied warranty. A liberal construction of the complaint will not bring it under the Agriculture and Markets Law.

Even if the complaint might be so tortured out of its natural meaning, the question still remains whether an act in violation of the Agriculture and Markets Law is alleged. We reserve an answer for an occasion when such an answer is essential to the decision.

Section 199 of the Agriculture and Markets Law provides in part as follows:

" § 199. Adulteration of food, generally. Food shall be deemed adulterated  *  *  *

" 5. If it contain any *added* poisonous or other added deleterious ingredient which may render such article injurious to health."

The deleterious ingredient was not added to the canned crab meat. It was developed in the can after canning. Technically it did not amount to adulteration under the statute.

We do not overlook the fact that a sort of third party beneficiary rule might be invoked to give the husband a cause of action in contract. The answer to that contention is that the courts have never gone so far as to recognize warranties for the benefit of third persons.

The judgment in the wife's action should be affirmed, with costs. The judgment in the husband's favor should be reversed and the complaint dismissed, with costs in all courts.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.