CHARLES J. LEACH, Plaintiff, *v.* HANSCOM BAKERY (BAKING) CORPORATION, Defendant.*

Municipal Court of New York, Borough of Manhattan, Third District, June 11, 1935.

*H. David Frackman,* for the plaintiff.

*Rabenold & Scribner,* for the defendant.

LEWIS, DAVID C., J. This action is brought to recover damages arising out of the sale of improper food. It is on the contract calendar and can be reached for trial shortly. The defendant seeks to transfer it from the contract calendar to the tort calendar. To grant the application means delay. To deny it avoids delay.

The identity of this cause as an action for breach of warranty sounding in contract, as distinguished from an action for negligence sounding in tort, has been conclusively determined.

"The action was brought to recover for the resulting damages. It was not tried on any theory of negligence or fraud but upon that of implied warranty." (*Rinaldi* v. *Mohegan,* 225 N. Y. 70, 75.)

"The wife's action rests unequivocally on breach of contract and not on negligence." (*Gimenez* v. *Great Atlantic & Pacific Tea Co.,* 264 N. Y. 390, at p. 395.)

"The cause of action for breach of warranty rests on contractual relations." (*Gimenez* v. *Great Atlantic & Pacific Tea Co., supra,* at p. 393.)

---

* See contra *Smoler* v. *Hanscom Baking Corporation* (*post,* p. 814).

It is plain that the legal basis of the liability and the legal theory of the action places this cause on the contract calendar.

Another line of precedents lends added sanction to the classification of these cases as contract causes. (*Busch* v. *Interborough R. T. Co.*, 187 N. Y. 388.)

In this instance we are not confronted with any problem of a preference on a commercial calendar. The single issue is whether the case belongs on the commercial or tort calendar of this court.

It belongs on the commercial calendar.

Motion denied.