JOHN DICKINSON, JR., an Infant, by His Guardian ad Litem, JOHN DICKINSON, and JOHN DICKINSON, Plaintiffs, *v.* HYMAN SPERLING and Another, Individually and as Copartners, Doing Business as SPERLING & GERTZKIS, and Another, Defendants.

City Court of New York, New York County, March 30, 1936.

*Ezra Grossman*, for the plaintiffs.

*Rabenold & Scribner* [*Edward J. Malament* of counsel], for the defendants.

KELLER, J. I am satisfied that the breakfast rolls sold by the defendant Goldman were sold to the grandmother of the infant plaintiff as the agent of John Dickinson, Sr. Under the authorities in this jurisdiction and particularly under *Gimenez* v. *Great A. & P. Tea Co.* (264 N. Y. 390), such a sale would not give rise to a cause of action by John Dickinson, Jr., under the implied warranties of section 96 of the Personal Property Law against Isaac Goldman, the grocer. Neither would it give rise to a loss of service action by John Dickinson against Isaac Goldman. (*Smith* v. *Hanson,* 228 App. Div. 634.)

With reference to the action founded on negligence against Sperling & Gertzkis, the manufacturers of the rolls, the evidence establishes the due care demanded by the law so as to establish the freedom from negligence of the bakers.

Complaints dismissed.