denied, with ten dollars costs.  Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

GEORGE SHAW, Appellant, v. ROOVERS BROS., INC., and Another, Respondents.— Motion for reargument denied, without costs.  Motion for leave to appeal to the Court of Appeals denied.  Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

EUGENIA SILBERFELD, Appellant, Respondent, v. SWISS BANK CORPORATION, Respondent, Appellant, and Others, Defendants.  (Action No. 1.) — Motion for reargument denied, with ten dollars costs.  Present — Lazansky, P. J., Hagarty. Johnston, Adel and Close, JJ.

EUGENIA SILBERFELD, Appellant, Respondent, v. SWISS BANK CORPORATION, Respondent, Appellant, and Others, Defendants.  (Action No. 2.) — Motion for reargument denied, with ten dollars costs.  Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

VILLAGE OF BUCHANAN, Plaintiff, v. TOWN OF CORTLANDT, and ELLSWORTH E. JOHNSON, Supervisor, and FRED H. BREMNER and Others, Councilmen, Comprising the Town Board of the Town of Cortlandt, Westchester County, New York, etc., and Others, Defendants.— Motion for leave to appeal to the Court of Appeals denied.  Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

DAVID J. WELCH, Respondent, Appellant, v. BANK OF MANHATTAN COMPANY, Appellant, Respondent.— Motion for leave to appeal to the Appellate Division granted.  Present — Lazansky, P. J., Hagarty, Johnston and Close, JJ.; Adel, J., not voting.

MARIE CATALANELLO and Others, Respondents, v. CUDAHY PACKING CO., Appellant, and PAUL TURTOLA, Doing Business under the Firm Name and Style of ROMA PROVISIONS, Appellant, Respondent.— In an action by plaintiffs against defendant packer and defendant retailer to recover damages for injuries sustained from eating a processed salami which contained trichinæ, a finding by the trial court that defendant packer improperly applied a recognized method for the destruction of trichinæ in the curing of its product was not against the weight of evidence; nor was its finding that plaintiffs were free from contributory negligence. The violation by defendants of the duty imposed upon them by sections 199-a and 200 of the Agriculture and Markets Law not to process or sell an article of food which is adulterated constituted an actionable wrong.  The salami, processed by defendant packer for consumption without cooking or further processing and so sold by defendant retailer to one of the plaintiffs, and found by the trial court to contain trichinæ sufficient to render plaintiffs ill, would be deemed adulterated so as to be unfit for food within the meaning of subdivision 3 of section 200 of the Agriculture and Markets Law.  Since the salami was unfit for food there was also a breach of the implied warranty of the fitness of food for human consumption, and recovery over by defendant retailer against defendant packer was properly allowed.  Judgment, in so far as appealed from, unanimously affirmed, with costs.  Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

CLOUDY REALTY CORPORATION and Others, Appellants, v. ALBERT C. ALLEN and Others, Respondents, and Others, Defendants.— Actions for damages against directors and officers of a corporation for inducing their corporation intentionally