In our opinion, the verdict of $1,500 was inadequate. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

GERRY MAGADDINO, an Infant, by His Guardian ad Litem, JOSEPHINE MAGADDINO et al., Appellants, v. HILO VARNISH CORPORATION, Respondent.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

ELVETA MASSEY, as Administratrix of the Estate of ELVETA F. MASSEY, Deceased, Respondent, v. THE BORDEN COMPANY, Appellant. (Appeal No. 1.).

No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

ELVETA MASSEY, as Administratrix of the Estate of ELVETA F. MASSEY, Deceased, Respondent, v. THE BORDEN COMPANY, Appellant. (Appeal No. 2.).

The complaint states four causes of action, two based upon the negligence of the defendant and two based upon an alleged breach of warranty. It is the two latter to which the motion is directed. The action is based upon the negligence of the defendant in the preparation of certain milk which was sold to the mother of the plaintiff's intestate, causing injuries to the infant which finally resulted in her death. It appears from the face of the complaint that the mother of the plaintiff's intestate was the purchaser of the milk. There is no allegation of an express warranty made to the mother for the benefit of the intestate and, consequently, the case is not governed by *Pearlman* v. *Garrod Shoe Co.* (276 N. Y. 172), but by the line of decisions holding that there is no implied warranty as to the merchantable quality of food sold except to the buyer. (*Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390; *Bourcheix* v. *Willow Brook Dairy, Inc.*, 268