JOYCE SALZANO, an Infant, by THOMAS SALZANO, Her Guardian ad Litem, et al., Respondents, v. FIRST NATIONAL STORES, INC., Appellant.— The defendant appeals from a judgment of the City Court of Mount Vernon in favor of two infant plaintiffs, and from an order denying defendant's motion to set aside the verdict and for the direction of a verdict in its favor. The father of one plaintiff, who was the uncle of the other, purchased from the defendant retailer certain oatmeal which was claimed to contain a foreign substance which made the children ill. The complaint was framed entirely on the theory of a breach of an implied warranty. Upon this appeal plaintiffs seek to uphold the judgment upon the theories (1) that the purchase by the father and uncle was as agent

for the respective infants and, therefore, that the implied warranty ran to them respectively, (2) that as infants, in legal effect, they were the third party beneficiaries of the purchase contract and entitled to sue thereon, and (3) that the evidence established a violation of the Agriculture and Markets Law (§§ 198, 199, 199-a, 200). Judgment reversed upon the law and a new trial ordered, with costs to abide the event. Appeal from order dismissed, without costs. The findings of fact implicit in the verdict are affirmed. Both the agency and the third party beneficiary theories have been repudiated in numerous decisions. (*Gimenez* v. *Great Atlantic & Pacific T. Co.*, 264 N. Y. 390; *Massey* v. *Borden Co.* [*No. 2*], 265 App. Div. 839; *Greco* v. *Kresge Co.*, 277 N. Y. 26.) The violation of the Agriculture and Markets Law by the sale of food which was unfit for that purpose would entitle the plaintiffs to recover if the complaint were broad enough to cover that claim (*Catalanello* v. *Cudahy Packing Co.*, 264 App. Div. 723, 779, motion for leave to appeal denied 288 N. Y. 737), but this complaint is based exclusively on the theory of the breach of an implied warranty. As the statute is for the general benefit of the public, the basis of the liability is negligence. (*DiCaprio* v. *N. Y. C. R. R. Co.*, 231 N. Y. 94; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Chotapeg, Inc.*, v. *Bullowa*, 291 N. Y. 70.) If the plaintiffs intend to rely upon a violation of the statute, application should be made for permission to amend the complaint so that such a cause of action in tort is specifically alleged. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.