GEORGE W. ALPHIN, Plaintiff, *v.* LA SALLE DINERS, INC., et al., Defendants.

City Court of the City of New York, Kings County, January 9, 1950.

*John T. Norton* for plaintiff.

*Irving E. Rifkin* and *Irving F. Lax* for La Salle Diners, Inc., defendant.

*Leo M. Brimmer* and *Thomas P. Corliss* for California Pie & Baking Co., Inc., defendant.

CHARLES E. RUSSELL, Official Referee. Plaintiff while a patron at defendant La Salle Diner was served on his order a portion of coconut custard pie. While eating same his lower jaw was injured as the result of biting upon a small circular wire having two pointed ends. Plaintiff sues La Salle as and for a breach of warranty of fitness (Personal Property Law, § 96) and defendant California Pie, from whom La Salle purchased the pie in question, for negligence in the preparation and baking of same. Defendant La Salle has impleaded defendant California by cross-complaint for recoupment in event it be cast in damages.

It is found, as a result of the factual evidence herein and the reasonable inferences to be drawn therefrom that this metal was present within said pie at time of delivery by California to La Salle, and was so concealed therein as to be invisible upon ordinary handling or inspection.

Under and by virtue of section 200 of the Agriculture and Markets Law of the State of New York, reading in part as follows: "Food shall be deemed to be adulterated: 1. If it bears or contains any poisonous or deleterious substance which may render it injurious to health. 2. If it bears or contains any added poisonous or added deleterious substance which is unsafe within the meaning of section two hundred and two." Section 202 contains certain exceptions dealing with unavoidable added poisonous or deleterious substances, which I hold not material to this decision.

This section cited was invoked but not pleaded by plaintiff at trial of this action, as a result of which it appears that there is only one issue to be resolved, viz. the presence of a piece of metal within the pie at the time of purchase; which is resolved in the affirmative.

The Court of Appeals has held that section 200 of the Agriculture and Markets Law, as amended in 1939 (L. 1939, ch. 797), and as above quoted, creates an absolute duty for the benefit of the general public and that privity of contract is a nonessential as between one damaged as a result of such violation and the guilty party, violation of the statute becomes actionable default, that being a public statute it need not be pleaded, nor is

it requisite that attention to it be called to either the court or opposing counsel. If the facts warrant a finding of prohibited conduct within this statute such finding constitutes negligence as a matter of law. Thus it seems that the usual measure of duty as to reasonable care on the part of a vendor of eatables is superseded by the statutory mandate and such degree of care avails not as a defense hereto, and the seller appears liable to degree of an insurer of the food product delivered by him. (*Pine Grove Poultry Farm* v. *Newtown By-Products Mfg. Co.*, 248 N. Y. 293; also two decisions by the Appellate Division in the second department, *Salzano* v. *First Nat. Stores*, 268 App. Div. 993, in which the court stated that a breach of the statute in question should be pleaded; *Catalanello* v. *Cudahy Packing Co.*, 27 N. Y. S. 2d 637, affd. 264 App. Div. 723, in which action such statute was pleaded.) Violation of the Agriculture and Markets Law is negligence per se. (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458.)

In view of the foregoing, judgment is rendered for plaintiff against defendants La Salle Diners, Inc. and California Pie & Baking Co., in the sum of $400, with interest.

As regards the cross-complaint of La Salle Diners against the defendant California Pie & Baking Co., Inc., it is found that no fault attaches to defendant La Salle beyond its technical violation of the statute and breach of warranty based thereon toward plaintiff. Where one is held liable for negligence of another without active fault on its own part, it is entitled to indemnity from the latter. (*Oceanic Steam Navigation Co.* v. *Compania Transatlantica*, 134 N. Y. 461.)

This principle seems especially applicable to an action in negligence based upon a violation of a statutory law, and the retailer, if held liable, may recover on a cross-complaint against the manufacturer who was primarily responsible; thereby the loss in its final result will be borne by the one responsible for the initial wrong. (*Catalanello* v. *Cudahy Packing Co.*, 27 N. Y. S. 2d 637, *supra*.)

Judgment is therefore awarded in favor of defendant retailer against defendant pie baking company in the sum of $400 on its cross-complaint, with interest.