BETTY BOWMAN, Respondent, *v.* GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant.

Fourth Department, October 1, 1954.

*John J. Nicit* for respondent.

*Arthur VD. Chamberlain* for appellant.

VAUGHAN, J. P.   Defendant appeals from an order of Supreme Court, Special Term, denying its motion under rule 112 of the Rules of Civil Practice for judgment on the pleadings.   The sole question is whether the amended complaint states facts sufficient to constitute a cause of action.   The amended complaint alleges that the defendant, the Great Atlantic & Pacific Tea Company, sold for immediate human consumption a bottle of " Wesson " oil containing a decayed mouse, and that plaintiff suffered certain injuries when she ate a salad containing some of the oil.   It is alleged that plaintiff " resided with and jointly kept house with her sister," that food was purchased by the sister as agent of plaintiff, at joint expense and for joint consumption, and that in purchasing from defendant the bottle of " Wesson " oil the sister acted " for herself and also as agent for the plaintiff ".   The action is in contract for breach of warranty. Defendant argues that any implied warranties are limited to the sister, the immediate purchaser, and do not extend in favor of plaintiff.   We do not agree.

The cases on this subject fall into two classes:   (1) Cases in which the plaintiff is admittedly not a party to the contract containing the warranty, but claims its benefit on some other ground, usually as a third-party beneficiary.   Recovery is denied for want of privity.   (2) Cases in which the contract is negotiated by another as agent of plaintiff.   In such case plaintiff is strictly a party to the contract and may enforce its warranties.

The cases relied on by defendant belong to the first class. Thus in *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468) the plaintiff was a waitress whose employer supplied her with a piece of cake

which he had purchased from the defendant. It was argued by plaintiff that the implied warranty of fitness " inured to her benefit " although there was " no direct contractual relation " between her and defendant. It was not argued that the employer was plaintiff's agent in purchasing the cake. In denying recovery the court stated at page 472: " If there were an implied warranty which inured to the benefit of the plaintiff it must be because there was some contractual relation between her and the defendant and there was no such contract. She never saw the defendant, and so far as appears, did not know from whom her employer purchased the cake. The general rule is that a manufacturer or seller of food, or other articles of personal property, is not liable to third persons, under an implied warranty, who have no contractual relations with him. The reason for this rule is that privity of contract does not exist between the seller and such third persons, and unless there be privity of contract, there can be no implied warranty." And in *Redmond* v. *Borden's Farm Products Co.* (245 N. Y. 512), the plaintiff was an infant fourteen months old, and there could be no claim that her mother was her agent in purchasing the milk involved.

The chief case applying the agency theory is *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388, 390). While the actual point there considered is not involved in this case, CARDOZO, Ch. J., in affirming a judgment for the plaintiff, stated: " The action is for breach of warranty. Plaintiff through his wife, who acted as his agent, bought a loaf of bread at the defendant's grocery. The loaf had concealed in it a pin, which hurt the plaintiff's mouth." The effect of this was stated by Chief Judge POUND to be " that the husband might sue when the wife acted simply as his agent in making the purchases; when the only contract in such case existed between the husband and the seller and when the cause of action in contract accrued to him." (*Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390, 393.) The agency theory has been followed by the first department (*Visusil* v. *W. T. Grant Co.*, 253 App. Div. 736) and recognized in the second (*Hopkins* v. *Amtorg Trading Corp.*, 265 App. Div. 278, 285). In the latter case the evidence fell short of establishing the agency alleged in the complaint, but the court ordered a new trial so that the plaintiff father could " show that the son acted simply as his agent in making the purchase and that the cause of action in contract accrued to the father." These cases are entirely in harmony with the general law of warranty, for there is no question that an undisclosed principal is a party to the

contract and entitled to enforce its warranties. (*Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.*, 211 N. Y. 68.)

Defendant stresses the Legislature's failure to amend section 96 (subd. 1) of the Personal Property Law as recommended by the Law Revision Commission (1943 Report of N. Y. Law Revision Commission, p. 411). The commission proposed the addition of the following sentence: " Liability on such warranty shall extend to the buyer's employees and to the members of his household, using the goods for such purpose with the buyer's consent expressed or implied." This would have imposed a liability regardless of privity, and is certainly no argument against liability where the plaintiff is an actual party to a contract negotiated through the agency of another.

We conclude that the complaint states a cause of action for breach of warranty, and the order appealed from should be affirmed.

PIPER, J. (dissenting). The cause of action in the amended complaint is predicated upon a breach of implied warranty of fitness for human consumption of certain " Wesson " oil purchased from the defendant by plaintiff's sister. To recover under such a cause of action there must be alleged and proved, privity of contract between the plaintiff and the defendant. (*Chysky* v. *Drake Bros. Co.*, 235 N. Y. 468; *Bourcheix* v. *Willow Brook Dairy*, 268 N. Y. 1, 5.)

By the fourth and fifth paragraphs of the amended complaint plaintiff alleges that she and her sister, Gladys Durling, " jointly kept house " and " the expense thereof was jointly borne." Also that on August 22, 1953, Gladys Durling, acting for herself and also as agent for the plaintiff, purchased the " Wesson " oil " for immediate human consumption " in her household. The Special Term has found and the majority of this court agree that this language in the complaint is sufficient to allege privity of contract between this plaintiff and the defendant in the purchase of " Wesson " oil. They rely on *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388). In that case Judge CARDOZO wrote: " The action is for breach of warranty. Plaintiff through his housewife, who acted as his agent, bought a loaf of bread at the defendant's grocery." (P. 390.) Nowhere else in the opinion is the question of agency or privity of contract mentioned. The question decided was that under the Personal Property Law (§ 96, subd. 2) there is an implied warranty by the seller of food that it is fit for human consumption. I assume that the court presumed from the relationship of husband and wife that the husband furnished the money for the purchase.

In *Gimenez* v. *Great Atlantic & Pacific Tea Co.* (264 N. Y. 390, 393) Judge Pound wrote: '' The question reserved in the *Rinaldi* case [*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70], whether an action would lie in favor of others, was settled in the *Ryan* case by holding that the husband might sue when the wife acted simply as his agent in making the purchases; when the only contract in such case existed between the husband and the seller and when the cause of action in contract accrued to him.'' Here the complaint alleges that the sister acted both as principal for herself and as agent for the plaintiff.

I think the *Ryan* case did not extend the agency rule beyond the case of a wife purchasing for her husband. In the *Gimenez* case (p. 395) the purchase was by the wife and she was permitted to recover for her personal injuries but the husband's judgment for loss of services and expenses incurred for his wife's medical treatment was reversed, the court commenting: '' We do not overlook the fact that a sort of third party beneficiary rule might be invoked to give the husband a cause of action in contract. The answer to that contention is that the courts have never gone so far as to recognize warranties for the benefit of third persons.''

In 1943, long after the decision in the *Ryan* case, the Law Revision Commission after an exhaustive study, recognized the extreme limitations of the privity rule, and recommended to the Legislature an amendment to section 96 of the Personal Property Law which would have given a right of action '' to the buyer's employees and to the members of his household ''. (1943 Report of N. Y. Law Revision Commission, p. 413.) This the Legislature refused to do. As the Legislature presumably shapes the public policy of the State, I think this court should not, through a theory of agency, go beyond that which was permitted in the *Ryan* case, namely, the wife acting as agent for the husband. Such is the rule usually followed by appellate courts. (*Massey* v. *Borden Co.*, 265 App. Div. 839; *Salzano* v. *First Nat. Stores*, 268 App. Div. 993.)

All concur, except Piper, J., who dissents and votes for reversal and for granting the motion, in a separate opinion. Present — Vaughan, J. P., Kimball, Piper and Wheeler, JJ.

Order affirmed, with $10 costs and disbursements. [See *post*, p. 1026.]