Isadoke Bookstein, J.
Plaintiff moves for summary judgment and defendant moves to dismiss the complaint for insufficiency.
The action is one to recover damages, alleged to have been sustained by reason of the failure of the defendant to comply with the requirements of sections 1115 and 1116 of the Public Health Law.
If such failure gives rise to a cause of action to an individual claiming to have been damaged by such failure, then the complaint states a cause of action, and the motion to dismiss for insufficiency would fail.
On that precise question, this is a case of first impression.
Defendant contends that the limit of liability for a violation of sections 1115 and 1116 of the Public Health Law is a civil penalty in favor of the State of not to exceed $250 by virtue of section 12 of the Public Health Law. That section provides such a penalty for the violation of any provisión of the Public Health Law.
Similar provisions in other laws of this State have been held not to be the sole and exclusive remedy for their violation.
Thus section 39 of the Agriculture and Markets Law imposes a civil penalty in favor of the State for a violation of any provision thereof.
Yet, a violation of section 95 thereof gives rise to a cause of action in favor of a person damaged thereby, even though that section does not expressly confer or create a cause of action. It expressly provides that no cause of action shall arise in certain situations. The exclusion of a cause of action in those situations, would indicate that it does arise in case of violations thereof in the nonexeepted situations. (Kniskern v. Baker, 9 A D 2d 568.)
Section 130 of the Agriculture and Markets Law prohibits the sale of certain compounded foods. A violation thereof gives rise to a cause of action in favor of one damaged by a violation thereof. (Pine Grove Poultry Farm v. Newtown By-Prods. Mfg. Co., 248 N. Y. 293.)
Section 188 of the Agriculture and Markets Law prohibits a seller from delivering less of any commodity than the quantity represented to be sold and section 194 thereof requires containers to show the net quantity of the contents.
A violation of these sections gives rise to a cause of action in favor of one damaged thereby. (Abounader v. Strohmeyer & Arpe Co., 243 N. Y. 458.)
*958 Section 199-a of the same law prohibits the sale of adulterated or misbranded food. A violation thereof gives rise to a cause of action in favor of a person damaged thereby. (Catalanello v. Cudahy Packing Co., 27 N. Y. S. 2d 637, affd. 264 App. Div. 723.)
Subdivision 1 of section 304 of the Multiple Dwelling Law, makes every violation of that law, with certain exceptions, a misdemeanor. Subdivision 2 of section 304 makes certain violations an offense and subdivision 6 of section 304 provides for a civil penalty for some violations.
Section 37 of that law provides for artificial hall lighting. Despite the misdemeanor, offense and civil penalty provisions of that law, a cause of action arises in favor of a person damaged by a violation thereof. (Greenberg v. Neukrug, 266 App. Div. 858.)
Subdivision 8 of section 76 of the Multiple Dwelling Law requires fixtures to light properly a water-closet compartment. A violation thereof gave rise to a cause of action in favor of one damaged thereby. (Irizarry v. Cardona, 207 Misc. 536.)
So, too, a violation of subdivision 4 of section 77 of that law gave a cause of action to one damaged thereby (Grynbaum v. Metropolitan Life Ins. Co., 272 App. Div. 216).
By analogy, it seems clear that a violation of sections 1115 and 1116 of the Public Health Law gives rise to a cause of action in favor of a person damaged thereby.
Accordingly, the motion to dismiss the complaint for insufficiency must be denied.
We come now to plaintiff’s motion for summary judgment. On such a motion, the court does not dispose of factual issues, if they exist. Bather, the search is to determine whether or not triable issues of fact exist.
Out of the tract owned by defendant (and formerly by his wife and himself), 17 lots have been sold. On 10 of such lots, residences have been built. This is undisputed.
Concededly, there has been no compliance with sections 1115 and 1116 of the Public Health Law.
The position of defendant is that compliance with those sections was not required, since he did not make a subdivision or make a map showing a subdivision; that he did not seek out people to buy lots; that the purchasers solicited him to sell them lots; that he did not restrict the lots to residential use and that, therefore, the lots could be used for other purposes; that he had no original intention to start a subdivision but that the whole business just started when the first person bought a lot. On his examination before trial, defendant stated when asked if, since 1954, a prospective purchaser of a lot had indicated an intention *959 to build a structure other than a residence, he would have sold the lot, “No, I wouldn’t I don’t think.”
There is no triable issue as to what was done here by defendant. There is merely a question of law as to whether what he has done constituted noncompliance with sections 1115 and 1116 of the Public Health Law.
If defendant’s course of conduct is not a violation of sections 1115 and 1116 of the Public Health Law, then the letter, spirit and intention of those sections can be rendered entirely nugatory. Those sections were enacted for the protection of the public and with the purpose of preventing the very result which has here occurred.
Accordingly, plaintiff’s motion for summary judgment should be granted.
As to damages, a triable issue does exist. Accordingly, the matter is remitted for a trial of the issue of damages, before the court and a jury, at the January 1961 Trial Term of the Supreme Court in Sullivan County. Submit order.