Louis Otten, J.
In this paternity proceeding, respondent’s motion to dismiss raises interesting points of procedure, and petitioner’s cross motion for summary judgment presents a novel question in this type of proceeding.
Respondent’s motion under subdivision (a) of section 517 of the Family Court Act to dismiss the petition is denied without prejudice to his right to plead as a defense that the proceeding is barred by the two-year limitation set forth in that section. Although a motion to dismiss is a proper method of raising the defense of the limitation period (CPLR 3211, subd. [a], par. 5; Matter of Anonymous v. Anonymous, 48 Misc 2d 949), the questions of fact here existing in view of the allegation of the petition that ‘ ‘ Respondent has acknowledged paternity of said child by furnishing support ”, should be determined at a hearing under section 531 of the Family Court Act. It should be noted, however, that a single payment, such as claimed by petitioner in affidavits, is not sufficient to toll the running of the two-year period of limitation (Matter of Wong v. Beckford, 28 A D 2d 137).
Petitioner has also raised the issue of possible tolling of the period of limitation due to continuous absence from the State (CPLR 207). This question also involves determination of issues of fact which may not he made on the record as it now exists and may more appropriately be done at the hearing.
*19 Petitioner’s cross motion for summary judgment poses the question, apparently one of first impression, of the applicability of QPLB 3212 to a paternity proceeding. Section 165 of the Family Court Act provides that “ Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed * * * the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved ’ ’.
In view of the provisions of section 531 of the Family Court Act that “ the respondent shall not be compelled to testify ” and of section 532 requiring the court, on motion of the respondent, to order blood grouping tests, and in view of the inherent difficulty in refuting a charge of paternity, this court is constrained to hold that the summary judgment provisions are not generally appropriate to paternity proceedings. Exceptions may exist in certain specific situations such as a written acknowledgment of paternity, on one hand, or exclusion as a result of blood grouping tests, on the other. However, the analogy of a paternity proceeding to a matrimonial action seems more appropriate since they both involve status relationships of a relatively permanent nature. Consequently, OPEB 3212 (subd. [d]) should apply, to the effect that “ a motion for summary judgment may be made only on the basis of documentary evidence or official records which establish a defense to the cause of action ’’. Thus, the motion for summary judgment in a paternity proceeding is available only to the respondent and only in the limited situations referred to in OPEB 3212 (suhd. [d]). Accordingly, petitioner’s cross motion for summary judgment is denied.