Jack Stanislaw, J.
Plaintiff moves for a preclusion order on the ground, that defendant failed to serve a bill of particulars pursuant to her demand. The action is for damages for personal injuries resulting from defendant’s alleged negligence in the operation and control of his motor vehicle. No counterclaim or affirmative defense is alleged, but movant claims that “ any party ” to a lawsuit may demand a bill. Movant further contends she is entitled to the information requested because of “ special circumstances ”, to wit: that the injured plaintiff was a young woman, alone in her automobile at the time of the *1068 occurrence and that there were passengers in defendant’s vehicle who may serve as his witnesses.
The requested information relates to admissions allegedly made by defendant to plaintiff and the police; defendant’s age; whether he was involved in previous accidents; if so, where and when; details as to the time, place and circumstances of the subject accident; as well as the names and addresses of defendant’s passengers. Although movant cites numerous cases, none support her contention. Indeed, the cases relied on are to the contrary. In four of the cases relied on, it was the defendant rather than plaintiff, who requested the disputed bill (Dougherty v. Hugunin, 78 N. Y. S. 2d 313; Scheinwald v. Scheinwald, 23 Misc 2d 175; Kleiman v. Beech-Nut Packing Co., 259 App. Div. 593). In Dougherty (supra, p. 316) the court noted that “ defendant [the party who requested the bill] is not entitled to the names of the witness by which plaintiff [from whom the bill was requested] expects to prove his case ”. In Scheinwald (supra, p. 176) the court followed “ the general rule that a party is not required to furnish the names of witnesses ”. In Kleiman (supra) because the action was for slander and the gravamen of such an action is the utterance of a defamatory statement within the hearing of at least one person, the court held that defendant was entitled to know the name of the person in whose presence the alleged defamatory statements were made.
Although the other decisions cited by plaintiff (King v. Caddock, 252 App. Div. 719; Matter of Herle, 157 Misc. 352; Sackman v. Williams, 51 N. Y. S. 2d 915; Dwight v. Germania Life Ins. Co., 84 N. Y. 493) involve a plaintiff’s application for a bill of particulars, the disputed bill in each of those cases was for further amplification of some specific claim asserted by the adverse party. In King (supra) referring to “ the claim of the defendants ’ ’ the court stated the applicable rule as follows: “ One of the objects of a bill of particulars is to ascertain the facts — not as they actually exist, but as the party from whom the bill is sought will claim them to be when called upon to prove his cause of action ”. (Emphasis supplied.) Matter of Herle (supra) involved a contested will proceeding. The court in that case granted claimant’s request for a bill of particulars because the object of the bill was to permit claimant to contest the like claims of the other parties to the proceeding. The disputed bill in Dwight (supra, p. 502) related only to “matters alleged as defenses ”. In Sackman (supra, p. 916) not only was plaintiff’s request for a bill confined to affirmative defenses, but acknowledging the very rule asserted by defendant in opposition to the motion in the instant case, the court stated: ‘ ‘ Defendant is *1069 correct in Ms contention that a defendant will not be required to furnish a bill of particulars as to denials or admissions contained in an answer.”
Accordingly, since the answer herein contains no defenses or claims for which defendant will have the burden of proof and is limited only to denials and admissions, plaintiff is not entitled to a bill of particulars, despite the alleged “ special circumstances ” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.10). The motion, therefore, is in all respects denied.