Guy J. Mangano, J.
In this paternity proceeding respondent moves for summary judgment in his favor dismissing the petition.
The facts as they appear in the moving papers may be summarized as follows: The parties were married December 20, 1965. Thereafter, on May 18, 1966, petitioner commenced an action to annul the marriage for fraud. Petitioner testified at the annulment trial on November 28,1966 concerning noncohabi *128 tation with respondent, who did not appear at the trial. Petitioner was granted an interlocutory judgment of annulment on January 4, 1967, which became final as of course on April 5, 1967. Subsequently, on May 25, 1967, petitioner moved in the Supreme Court for an order to set aside the judgment of annulment on the ground that the parties were reconciled during the interlocutory period of the judgment, and that during that period of time petitioner was made pregnant by respondent and eventually gave birth to twin children on March 22,1967. That motion was denied. Petitioner then brought this proceeding to have respondent adjudicated the father of the twin infants.
Respondent contends that the chronological sequence of events, coupled with the documentary proof submitted and the admissions by the petitioner clearly show that as a matter of law he could not be the father of the twin children in question. Respondent points out that in the verified complaint in the annulment action dated May 17, 1966 petitioner alleged that she did not cohabit with respondent after learning that the representations made by him were false. Respondent further urges that at the trial of the annulment action petitioner testified that she did not cohabit with respondent after discovering the fraud, and that she had not cohabited with him up to the date of her testimony, namely November 28, 1966. Respondent therefore concludes that he could not have fathered the twins born to petitioner on March 22, 1967, and would have this court so find without a plenary hearing on the issue.
In opposition to respondent’s motion, petitioner avers that she engaged in sexual relations with respondent on numerous occasions prior to the annulment action and during the interlocutory period of judgment. Petitioner submits supporting affidavits by various persons purporting to show that respondent was seen in the petitioner’s apartment from May, 1966 through April, 1967, and that respondent held himself out as petitioner’s husband and a,s the father of the twins.
Petitioner also submits the hospital bills, birth certificates and baptismal certificates, each naming respondent as the father of the children.
At the outset the court notes the attempted use by the respondent of the procedural device of summary judgment. Such an approach is somewhat novel in these proceedings. The Family Court Act has the effect not only of repeating article V of the New York City Criminal Court Act and article VIII of the Domestic Relations Law, but also of completing the evolution of paternity proceedings after “ criminal ” or “ quasi-criminal ” to civil proceedings. Thus section 165 of the Family Court Act *129 provides in essence that where the act does not provide for procedure, the provisions of the CPLR shall apply to the extent that they are appropriate to the proceeding involved. (See Matter of Silvestris v. Silvestris, 24 A D 2d 247; Matter of Schwartz v. Schwartz, 23 A D 2d 204; CPLR 101.)
Accordingly I find that summary judgment may be applicable to paternity proceedings. However, because of the nature" of the proceedings I am of the opinion that the motion should be limited in the same manner as in matrimonial actions. Thus the motion should be available only to raise a defense establishing “ documentary evidence ” or “official records” (see CPLR 3212, subd. [d]).
Respondent has complied with these procedural steps.
With respect to the merits of the motion it is patent that there are serious contradictions and inconsistencies between the allegations in petitioner’s papers and her pleadings and proof in the annulment action. However, on a motion such as this, it is not the function of the court to test the credibility of the respective contentions of the parties; issue finding rather than issue determination is the key to the procedure. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404; Falk v. Goodman, 7 N Y 2d 87, 91.) Inconsistencies, like other questions of fact, including credibility, must be determined by the trier of the facts and not decided summarily on affidavits. (Mandell v. Field, 11 A D 2d 1074.) Clearly, a triable issue exists. The court is of the opinion that it cannot determine the merits of the controversy herein on the basis of the record before it; that the interest of justice will better be served at a trial of all the issues.
Accordingly respondent’s motion is denied in all respects.