Joseph T. Pilato, J.
In this proceeding to determine paternity and for support of a child born out of wedlock, respondent moves for a protective order vacating a notice for a bill of particulars, on the ground that his answer merely contains a general denial. Though no counterclaim or affirmative defense is alleged, petitioner claims that he should be entitled to a particularization, inter alia, as to whether there is a claim of promiscuity on the part of the mother, and the names and addresses of all male persons other than respondent who had sexual relations with the mother, in order to avoid surprise which could cause possible delays and to aid in the proper preparation of her case.
No statutory or decisional law has come to the writer decisive of this question in a paternity proceeding. I am in accord that section 165 of the Family Court Act prescribes that CPLR 3041 and 3044 are applicable to this proceeding. The authority and procedure for furnishing bills of particulars are contained in said sections of the CPLR and are applicable to every type of civil actions. While the scope of a bill of particulars is broad, there are limits to its employment. In Silberfeld v. Swiss Bank Corp. (263 App. Div. 1017, rearg. den. 264 App. Div. 723) and Sackman v. Williams (51 N. Y. S. 2d 915) the court again enunciated the well-established rule that a party will not be required to furnish a bill of particulars as to denials or admissions contained in an answer. In addition, there is a general rule that particulars which seek evidence or the names and addresses of witnesses may not be had, unless special or unusual circumstances exist. (Elman v. Ziegfeld, 200 App. Div. 494; *324 Mertz v. De Landa, 260 App. Div. 1034 ; Scheinwald v. Scheinwald, 23 Misc 2d 175 ; McLure v. Greco, 56 Misc 2d 1067.)
Accordingly, petitioner is not entitled to a bill of particulars. The motion, therefore, is in all respects granted.