■    MARGARET R. BOUNDS, Appellant, v. MUTUAL OF OMAHA INSURANCE COMPANY et al., Respondents.— Appeal from an order of the Supreme Court at Special Term entered February 18, 1971 in Albany County, which granted defendants' motion to vacate plaintiff's demand for a bill of particulars. Appellant, the insured under a contract of insurance for sickness benefits, allegedly became ill and filed a written notice of claim for benefits under the policy. Upon refusal to tender payments allegedly due, she sued both Mutual of Omaha and its local agent, J. J. Kearns Agency. In her second and third causes of action, appellant alleges that Kearns uttered libelous and defamatory statements about her. Respondent Kearns' answer contained, in addition to a general denial, the affirmative defenses of truth and privilege. Appellant thereafter served a demand for a bill of particulars concerning the two affirmative defenses, whereupon respondent Kearns moved for an order vacating the demand. Appellant appeals from the order granting this motion. The scope of a bill of particulars is limited to matters on which the requested party has the burden of proof (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.10). It must therefore be determined who bears the burden of proof as to the affirmative defenses of truth and privilege. Truth is an affirmative defense which must be pleaded and proved and therefore the burden of proof is upon the defendant (Prosser, Torts [4th ed.], § 116). As to the burden of proof regarding the defense of privilege, it is equally well settled that the defendant bears the burden of proof as to the allegation (*Ostrowe* v. *Lee*, 256 N. Y. 36, 41; Prosser Torts [3d ed.], § 110; 2 Seelman, Law of Libel and Slander in New York, par.

544). *Shapiro v. Health Ins. Plan of Greater N. Y.* (7 N Y 2d 56), relied on by Special Term, is not inapposite. It holds that once it is established that the communication was privileged, the burden is then upon the plaintiff to prove malice (see *Stillman v. Ford,* 22 N Y 2d 48; *Burns v. Smith-Corona Marchant,* 36 A D 2d 400). Passing now to the demand for the bill, we are called upon to consider each of the demands separately. As to paragraph 1(a) of the demand, it would appear that this is meaningless as appellant is either mentally ill or she is not. Paragraph 1(b) of the demand requests the names of witnesses to the alleged slander and libel. This demand must be denied because the names of witnesses need not be disclosed before trial (*Knipe v. Brooklyn Daily Eagle,* 101 App. Div. 43). However, paragraph 1(c) which requests the names of persons to whom the alleged slanderous comment was made or to whom the alleged libelous letter was shown is a proper request, and is granted (*Hayes v. Utica Mutual Ins. Co.,* 24 A D 2d 829; *Taylor v. Security Mut. Life Ins. Co.,* 73 App. Div. 319). The remainder of the requests in paragraph 1(c) are also proper and should be granted (*Solomon v. Travelers Fire Ins. Co.,* 5 A D 2d 1017). Paragraphs 2 and 4 are superfluous and repetitious since respondent will comply with this request by answering the last part of paragraph 1(c). Paragraph 3(c) is granted except for that which repeats the request stated in paragraph 1(b). As to paragraph 3(a), it is obvious that the claim of privilege could only be said to be qualified as absolute privilege inures only to public officers acting in a judicial, legislative or executive capacity (35 N. Y. Jur., Liber and Slander, § 92); nor should the respondents be required to cite the laws and statutes upon which they intend to rely (see, also, *Gevinson v. Kirkeby-Natus Corp.,* 26 A D 2d 71). Order modified, on the law and the facts, in accordance with this decision, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.