Raymond J. Barth, J.
A notice of motion, dated November 23, 1973 was filed by the Onondaga County Department of Social Services, seeking an order pursuant to CPLR 3212 and sections 164 and 165 of the Family Court Act, granting summary judgment and entering an order pursuant to - section 1051 of the Family Court Act finding that the children who. are the subjects of these proceedings are abused children, and schedul-. ing a dispositional hearing pursuant to article 10 of the Family Court Act and granting such other and further relief as to the court may seem just and proper.
Subsequently, an affidavit, dated December 4, 1973 of Dr. Sherwin S. Radin, a psychiatrist, was submitted to this court on behalf of the petitioner.
On December 12, 1973, respondents submitted an affidavit in answer to the motion for summary judgment.
The matter was scheduled for argument on the motion on December 5, 1973 and adjourned for further argument on December 17,1973. At that time, the court allowed respondents’ attorney until January 2, 1974, to submit a memorandum of law in opposition to the motion.
*695 The question presented to this court is one of initial impression with no definitive authority in support of either position. However, this court is constrained to find that summary judgment is not available in a child protective proceeding under article 10 of the Family Court Act.
Petitioner argues that the proceeding in Family Court is a civil judicial proceeding and is governed by the Civil Practice Law and Rules, and thus is a proper proceeding in a Family Court abuse and neglect action. This court does not deny that this proceeding has been found civil in nature (Matter of Edwards, 70 Misc 2d 858, 863) and that summary judgment actions are appropriate in civil actions. However, it cannot agree that summary judgment motions are appropriate in all civil actions, particularly in Family Court. In matrimonial actions, a summary judgment is available only to the defending party and must be based on documentary evidence or official records. (CPLR 3212, subd. [d].)
In a matrimonial proceeding where the question of custody was in issue, the Appellate Division, Second Department, found that the denial of summary judgment was proper as the determination of disputed questions of fact relating to the marital status and custody of children should not be had in a summary manner. (Armour v. Armour, 275 App. Div. 941.)
Section 165 of the Family Court Act states in pertinent part ‘ ‘ Hpon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has .jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent they are appropriate to the proceedings involved ”. (Emphasis added.)
Various cases have adopted this section in applying the CPLR to Family Court matters in certain instances (e.g. in habeas corpus proceedings: Schmidt v. Schmidt, 44 Misc 2d 661; in pretrial disclosure proceedings: Matter of Linnie B. v. Lonnie H., 65 Misc 2d 754; Matter of Rann v. Rann, 54 Misc 2d 704; Matter of “Doe” v. “Roe”, 40 Misc 2d 148; and bills of particulars: Matter of Jesmer v. Beyma, 66 Misc 2d 323).
One case, Matter of Glain v. Glain (57 Misc 2d 127), specifically discusses the question of summary judgment in a paternity proceeding. The court found that summary judgment may be applicable to paternity proceedings, limited in the same manner as in matrimonial actions (i.e. only available to the respondent and only in the limited situations referred to in CPLR 3212, subd. [d]). Here, the movant is the petitioner. (See, also, Matter of Doe v. Roe, 56 Misc 2d 18.)
*696 In view of the provisions of article 10 of the Family Court Act, summary judgment does not appear to be generally ‘ ‘ appropriate to the proceedings involved ’ ’ as required by section 165 of the Family Court Act.
Subdivision (a) of section 1051 of the Family Court Act states: “If facts sufficient to sustain the petition are established in accord with part four of this article, or if all parties consent, the court shall, subject to the provisions of subsection c of this section, enter an order finding that the child is an abused child or a neglected child and shall state the grounds for the finding ’ ’. Part 4 of article 10 establishes the procedure for hearings.
Also, (Family Ct. Act, § 1046, subd. [a], par. [i]) states: “In any hearing under this article (i) proof of the abuse or neglect of one child shall be admissible evidence on the issue of abuse or neglect of any other child.” A motion for summary judgment does not appear to be a hearing as contemplated by the Legislature.
There must be a fact-finding hearing on the question of prior-neglected children as evidence in the present proceeding. “Although proof of the abuse or neglect of one child shall be admissible evidence of the abuse or neglect of any other child, it still must be proven at a fact-finding hearing. Such findings of child neglect on other children are not per se findings of neglect on another child who has not yet been neglected but only is in imminent danger of neglect.” (Matter of Kristina L. J., 72 Misc 2d 683, 686; see, also, Matter of Fred S., 66 Misc 2d 683; Matter of Vulon, 56 Misc 2d 19.)
An attorney’s affidavit only, as submitted by respondent, while not competent as to facts outside his knowledge, may be properly utilized as a tool of convenience to make an organized presentation to the court of independently proper evidentiary materials and is not a nullity. (Leonard v. Leonard, 31 A D 2d 620.)
Therefore, with respect to the merits of the motion, it is clear that there are contradictions and differences of opinion, as well as the possibility of different circumstances involving the other children not involved in prior litigation. Since issue finding rather than issue determination is the key to the procedure, it is not the function of the court to test the credibility of the respective contentions of the parties on this motion. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404; Falk v. Goodman, 7 N Y 2d 87, 91.)
*697 The court is of the opinion that it cannot determine the merits of1 the controversy herein on the basis of the record before it; that the interests of justice will better be served at a trial of all the issues.
Accordingly, it is hereby ordered, that petitioner’s motion is denied in all respects; and it is further ordered, that this matter be set down on the calendar of this court at 10 o’clock in the forenoon of March 15, 1974 to set a date for the fact-finding hearing.