■ PATSY VECCHIANO, Appellant, v GREYHOUND LINES, INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated July 3, 1986, as upon reargument, adhered to an original determination in a decision dated April 30, 1986, that the defendants' motion for summary judgment should be granted, and (2) from an order of the same court, dated August 15, 1986, which granted the defendants' motion for summary judgment.

Ordered that the appeal from the order dated July 3, 1986, is dismissed as no appeal lies from an order made upon reargument of a decision; and it is further,

Ordered that the order dated August 15, 1986, is affirmed, and it is further,

Ordered that the defendants are awarded one bill of costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. By prior order dated September 1, 1983, the plaintiff has been precluded from offering proof at trial with respect, *inter alia,* to "the acts or omissions constituting the negligence claimed" and the nature of permanent injuries sustained and their consequences, based upon her failure to adequately respond to the defendants' demand for a bill of particulars. Since the information requested in the defendants' bill of particulars relates to virtually every aspect of the plaintiff's claim, the preclusion order effectively prevents the plaintiff from establishing a prima facie case *(see, Tuffo v Red Coach Realty,* 129 AD2d 966). Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.