■ NORTHWAY ENGINEERING, INC., Respondent, v FELIX INDUSTRIES, INC., et al., Appellants.—Kane, J. P. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered March 21, 1989 in Sullivan County, which granted plaintiff's motion for summary judgment.

Plaintiff was the mechanical subcontractor for the prime contractor, defendant Felix Industries, Inc. (hereinafter Felix), on a project known as the South Fallsburg Sewage Treatment Plant in the Town of Fallsburg, Sullivan County. In this action, plaintiff seeks to recover the balance allegedly due for work performed under the terms of its subcontract against both Felix and defendant Hartford Accident and Indemnity Company, surety on Felix's performance and payment bond. In answering the complaints, defendants set forth denials and two counterclaims alleging breach of contract and negligence by plaintiff in the performance of its contractual duties. Plaintiff served a reply, notice to produce and a demand for a bill of particulars of the matters set forth in the counterclaims. Defendants failed to move with respect to the demand for the bill of particulars or otherwise respond to or provide the information requested in the demand *(see,* CPLR 3042 [a]). Thereafter, partial summary judgment was granted to plaintiff for a portion of the amount claimed to be due and payment of the amount of that judgment was made by or on behalf of defendants.

Thereafter, upon application of plaintiff, a 30-day conditional order of preclusion was entered against defendants for failure to respond to plaintiff's demand for a bill of particulars. Defendants failed to comply with the provisions of the order of preclusion, whereupon plaintiff moved for summary judgment for the balance due. After receipt of answering papers, Supreme Court directed counsel and the principals of the corporations to appear before it, with all records, for the

appropriate judicial inquiry. On the designated date, plaintiff complied and defendants appeared by counsel, but none of their principals appeared, nor did they produce any records, other than those set forth in the response to the motion for summary judgment. The court, noting that defendants failed to comply with appropriate discovery demands and that plaintiff had documented its entitlement to relief, granted plaintiff's motion. After denial of their motion to reargue, this appeal by defendants ensued.

We affirm. We reject defendants' contentions that there are remaining factual issues to be resolved and that Supreme Court erred in relying upon the preclusion order in its grant of summary judgment to plaintiff. The thrust of defendants' argument is that the preclusion order related solely to matters alleged in the counterclaims, while the general denials in the answer to the complaint, standing alone, created questions of fact which remain unresolved. Moreover, defendants argue that these denials placed in issue matters upon which defendants did not bear the burden of proof, and, accordingly, were not required to furnish particulars thereof *(see, Bounds v Mutual of Omaha Ins. Co.,* 37 AD2d 1008). However, we note that the counterclaims by defendants were, essentially, denials of plaintiff's claim for money due and an assertion of defendants' views of the amount in dispute under the terms of the contract. Accordingly, since defendants were precluded from presenting any proof concerning matters alleged in their counterclaims *(see, Vecchiano v Greyhound Lines,* 135 AD2d 708, *lv denied* 71 NY2d 803; *Ervolina v City of Buffalo,* 124 AD2d 998), and those matters were inextricably interwoven with the allegations of the complaint and present for resolution the same factual dispute upon which defendants' defense rests, the motion was properly granted *(cf., Glen Travel Plaza v Anderson Equip. Corp.,* 122 AD2d 327, 328).

Order and judgment affirmed, with costs. Kane, J. P., Casey and Levine, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Supreme Court granted plaintiff's motion for summary judgment upon the grounds that (1) Felix failed to comply with appropriate discovery demands, (2) a preclusion order had been entered with regard to the counterclaims, (3) Felix had not attended by a principal of the corporation for appropriate judicial inquiry, and (4) plaintiff had documented in its submissions entitlement to the relief sought.

There should be a reversal. Summary judgment is a harsh remedy to be granted only when no issue of fact remains for resolution. Defendants' answer to the motion for summary judgment, contained in the affidavit of Felix Petrillo, president of Felix, sets out their contention of the amount of back charges defendants claim they are entitled credit for, totaling $17,500, and its reconciliation calculations. Taking these contentions as true for purposes of the summary judgment motion, as we must, there is an issue of fact as to what, if any, amount remains due to plaintiff.

The scope of a bill of particulars is limited to matters on which the party upon whom demand is made has the burden of proof *(Bounds v Mutual of Omaha Ins. Co.,* 37 AD2d 1008; *see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3041.09, 3041.11). A plaintiff is not entitled to a bill of particulars where the defendant's answer consists of mere denials and admissions and sets forth no defense or claims on which defendant could have the bill of particulars *(McLure v Greco,* 56 Misc 2d 1067). It is indicated from the record that the preclusion order referred to by Supreme Court in its grant of summary judgment applies merely to the counterclaims interposed by defendants in their answer. There still remains extant the general denial by defendants of any further amount due to plaintiff under their contract. The affidavit of Petrillo raises a question of fact as to what, if any, funds are due plaintiff.

Supreme Court's reference to defendants' failure to respond to discovery as a reason for granting summary judgment offers no basis for such a remedy. The record indicates that plaintiff sought production of a number of items including the subcontract between plaintiff and Felix, copies of change orders, field orders, the prime contract between Felix and Fallsburg, change orders and field orders related to the prime contract, copies of requisitions issued by Felix to Fallsburg, completion certificates, daily logs, and foreman reports. Felix failed to comply. The record discloses that plaintiff has not moved to force disclosure pursuant to CPLR 3124, nor has it sought penalties for Felix's refusal to comply with the preclusion order or to disclose pursuant to CPLR 3126. Such requests must be made on notice *(see, Coffey v Orbachs, Inc.,* 22 AD2d 317). We deem the imposition of sanctions via summary judgment to be inappropriate. Defendants received no notice that such relief would be sought.

Finally, Supreme Court's reference to Felix's failure to respond to its invitation to a court conference called to help

the parties resolve the litigation also constitutes no ground for the grant of summary judgment. The record discloses that Felix appeared by counsel who stated that she was fully empowered to participate in settlement negotiations. The absence of a principal of Felix or of records the court viewed as helpful to a settlement conference gives no support to the appropriateness of the grant of summary judgment.

The order and judgment should be reversed.